UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE 1 and JOHN DOE 2,

      Plaintiffs,

v.

REV. MIROSLAW KROL, and the        Case No: 2:20-cv-13287
ORCHARD LAKE SCHOOLS ("OLS"),    Hon. Denise Page Hood
a Michigan non-profit corp.,

      Defendants.

---

Jennifer B. Salvatore (P66640)
Salvatore, Prescott, Porter & Porter, PLLC
105 East Main St.
Northville, MI 48167
(248) 679-8711
salvatore@sppplaw.com
chaney@sppplaw.com

Ward Powers (P33739)
Jonnie Powers (P78823)
Law Offices of Ward M. Powers
302 W. Main St.
Northville, MI 48167
(248) 347-1700
wpowers@powerslawoffices.com

Attorneys for Plaintiffs

Alex L. Alexopoulos (P40547)
Matthew D. Wellington (P78281)
Starr, Butler, Alexopoulos & Stoner, PLLC
Attorneys for Defendant OLS
20700 Civic Center Dr., Ste. 290
Southfield, Michigan 48076
(248) 864-4931
ala@starrbutler.com
mwellington@starrbutler.com

Roy H. Henley (P39921)
Jessica E. McNamara (P81885)
Thrun Law Firm, P.C.
Attorneys for Defendant Krol
2900 West Rd., Ste. 400
East Lansing, MI 48823
(517) 374-8864
rhenley@thrunlaw.com

---

## <u>DEFENDANT ORCHARD LAKE SCHOOLS' ANSWER TO COMPLAINT, LIMITED RELIANCE UPON AND OBJECTION TO JURY DEMAND, AND AFFIRMATIVE DEFENSES</u>

Defendant Orchard Lake Schools ("OLS") through its attorneys, Starr, Butler, Alexopoulos & Stoner, PLLC, states as follows for its Answer to Plaintiffs' Complaint:

## **INTRODUCTION**

1.    OLS denies the allegations in this paragraph for the reason that they are untrue.

2.    To the extent the allegations contained in this paragraph are directed at OLS, it denies them for the reason that they are untrue. OLS neither admits nor denies the allegations that are directed at Defendant Rev. Miroslaw Krol ("Krol") for the reason that they are directed to another party and therefore no answer is required.

3.    To the extent the allegations contained in this paragraph are directed at OLS, it denies them for the reason that they are untrue. OLS neither admits nor denies the allegations that are directed at Krol for the reason that they are directed to another party and therefore no answer is required.

4.    OLS neither admits nor denies the allegations contained in this paragraph for the reason that they are directed to another party and, therefore, no answer is required.

5.    OLS neither admits nor denies the allegations contained in the first sentence of this paragraph for the reason that they are directed to another party and,

therefore, no answer is required. OLS denies the remaining allegations contained in this paragraph for the reason that they are untrue.

6.     OLS denies the allegations contained in this paragraph for the reason that they are untrue.

## **PARTIES**

7.     Upon information and belief, OLS admits only that John Doe 1 is a priest who attended a seminary in Poland, that he was ordained in 2015, that he currently resides in New Jersey, and that he served as a priest in New Jersey until June 2018 when he became the Vice Chancellor of OLS.  OLS denies the remaining allegations contained in this paragraph for the reason that they are untrue.

8.     Upon information and belief, OLS admits only that John Doe 2 is a resident of Illinois, that he is married and has a child, that he began working as the Polish Mission Director in April 2018, and that he was terminated in January 2020 for his poor performance and other inappropriate actions. OLS neither admits nor denies the allegations regarding the length of John Doe 2's marriage for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiffs to their proofs. OLS denies the remaining allegations in this paragraph for the reason that they are untrue.

9.     OLS admits the allegations contained in this paragraph.

10.     OLS admits the allegations contained in this paragraph.

## JURISDICTION AND VENUE

11.     OLS neither admits nor denies the allegations contained in this paragraph for the reason that they constitute conclusions of law for which no answer is required.

12.     OLS neither admits nor denies the allegations contained in this paragraph for the reason that they constitute conclusions of law for which no answer is required.

13.     OLS neither admits nor denies the allegations contained in this paragraph for the reason that they constitute conclusions of law for which no answer is required.

## FACTUAL ALLEGATIONS

14.     In response to the first sentence of this paragraph, OLS admits only that Krol studied at OLS' seminary before transferring to the seminary in New Jersey in the late 1990 to complete his studies.  OLS denies the remainder of the allegations contained in the first sentence of this paragraph for the reason that they are untrue. OLS neither admits nor denies the remaining allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

15.     OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leave Plaintiffs to his proofs.

16.    OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

17.    OLS admits only that Krol served as a Dean and as Vice Rector of the Seminary at OLS from 2006 to 2011 and lived on OLS' campus at that time.  OLS neither admits nor denies the remaining allegations for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs. To the extent the remainder of the allegations contained in this paragraph are directed to OLS, OLS denies them for the reason that they are untrue.

18.    OLS admits the allegations contained in the first sentence of this paragraph.  OLS neither admits nor denies the remaining allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

19.    OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

20.     OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

21.     Upon information and belief, OLS admits the allegations contained in the third sentence of this paragraph.  OLS neither admits nor denies the remaining allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

22.     OLS admits the allegations contained in the first sentence of this paragraph. OLS denies the remaining allegations contained in this paragraph for the reason that they are untrue.

23.     OLS admits only that Krol was appointed as Chancellor and Chief Executive Officer of OLS in 2017. OLS denies the remaining allegations contained in this paragraph for the reason that they are untrue.

24.     OLS denies that Krol brings significant money into OLS for the reason that this allegation is untrue.  OLS neither admits nor denies the remainder of the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

{00081630.DOCX}                                     6

25.     OLS denies the allegations contained in this paragraph for the reason that they are untrue.

26.     OLS denies the allegations contained in this paragraph for the reason that they are untrue.

27.     OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

28.     OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

29.     OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

30.     OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

31.     OLS admits only that John Doe 1 began serving as OLS' Vice Chancellor in June 2018.  OLS neither admits nor denies the remaining allegations contained in this paragraph for the reason that OLS is without knowledge or

information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

32.    OLS admits only that John Doe 2 was hired as the Polish Mission Director at OLS in April 2018. OLS neither admits nor denies the allegations contained in the second sentence of this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs. OLS denies the remaining allegations contained in this paragraph for the reason that they are untrue.

33.    OLS neither admits nor denies the allegations contained in this paragraph for the reason that the phrase "worked under" is so vague as to not permit a meaningful response.  To the extent a response is deemed required, OLS denies the allegations contained in this paragraph for the reason that they are untrue.

34.    OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiff to their proofs.

35.    OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

36.     OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

37.     OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

38.     OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

39.     OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

40.     OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

41.     OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

42.    OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

43.    OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

44.    OLS neither admits nor denies the allegations contained in this paragraph for the reason that they are directed to another party and therefore no answer is required. To the extent it is directed to OLS, it denies the allegations contained therein for the reason that they are untrue.

45.    OLS denies the allegations contained in this paragraph for the reason that they are untrue.

46.    OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

47.    OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

48. OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

49. To the extent the allegations contained in this paragraph are directed at OLS, it denies them for the reason that they are untrue. OLS neither admits nor denies the allegations that are directed at Krol for the reason that they are directed to another party and therefore no answer is required.

50. OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

51. OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

52. OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

53. OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

54.     OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

55.     OLS neither admits nor denies the first sentence in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs. OLS denies the remaining allegations contained in this paragraph for the reason that they are untrue.

56.     OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

57.     OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

58.     OLS neither admits nor denies the allegations contained in the first sentence of this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs. OLS denies the remaining allegations contained in this paragraph for the reason that they are untrue.

59.     OLS denies the allegations contained in this paragraph for the reason that they are untrue.

60.     OLS admits only that John Doe 1 returned to New Jersey in October 2019. OLS neither admits nor denies the remaining allegations contained in this paragraph for the reason that they are directed to another party and therefore no answer is required.

61.     OLS admits only that another priest replaced John Doe 1. To the extent the allegations contained in this paragraph are directed at OLS, it denies them for the reason that they are untrue. OLS neither admits nor denies the allegations that are directed at Krol for the reason that they are directed to another party and therefore no answer is required.

62.     OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

63.     To the extent the allegations contained in this paragraph are directed at OLS, it denies them for the reason that they are untrue. OLS neither admits nor denies the allegations that are directed at Krol for the reason that they are directed to another party and therefore no answer is required.

64.     OLS denies the allegations contained in this paragraph for the reason that they are untrue.

65.    OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

66.    OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

67.    OLS denies the allegations contained in the first sentence of this paragraph for the reason that they are untrue. With regard to the second sentence of this paragraph, OLS admits only that Mr. Roland was removed from the Board of Regents for reasons that were unrelated in any way to the allegations Plaintiffs made against Krol. OLS denies all of the allegations contained in this paragraph that are inconsistent with the foregoing answers for the reason that they are untrue.

68.    OLS admits only that John Doe 2 met with Todd Covert, Chief Operating Officer of OLS, in private on January 15, 2020 and accused Krol of propositioning him and that Mr. Covert told John Doe 2 that the allegations would be investigated.  OLS denies all of the allegations contained in this paragraph that are inconsistent with the foregoing answer for the reason that they are untrue.

69.    OLS admits only that on January 17, 2020, OLS sent John Doe 2 a letter, which letter speaks for itself.  OLS denies the remainder of the allegations contained in this paragraph for the reason that they are untrue.

70.     OLS denies the allegations contained in this paragraph for the reason that they are untrue.

71.     OLS denies the allegations contained in this paragraph for the reason that they are untrue.

72.     OLS admits only that John Doe 3 was returned to the Archdiocese of Patterson in March 2020 due to his poor performance. OLS neither admits nor denies the remaining allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

73.     Upon information and belief, OLS denies the allegations contained in this paragraph for the reason that they are untrue.

74.     OLS denies the allegations contained in this paragraph for the reason that they are untrue.

75.     OLS admits only that in August 2020 Plaintiffs' counsel sent a letter to OLS, which letter speaks for itself. OLS neither admits nor denies the remaining allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

76.    OLS neither admits nor denies the allegations contained in this paragraph for the reason that OLS is without knowledge or information sufficient to form a belief as to the truth thereof and therefore leaves Plaintiffs to their proofs.

## COUNT I
## ASSAULT & BATTERY
### (by all Plaintiffs against OLS Krol)

77.    OLS incorporates and realleges each and every answer stated in response to the preceding paragraphs as if fully stated and set forth herein.

78.    OLS neither admits nor denies the allegations contained in this paragraph for the reason that they are directed to another party and therefore no answer is required.

79.    OLS neither admits nor denies the allegations contained in this paragraph for the reason that they are directed to another party and therefore no answer is required.

80.    OLS neither admits nor denies the allegations contained in this paragraph for the reason that they are directed to another party and therefore no answer is required.

81.    OLS neither admits nor denies the allegations contained in this paragraph for the reason that they are directed to another party and therefore no answer is required.

82.     OLS neither admits nor denies the allegations contained in this paragraph for the reason that they are directed to another party and therefore no answer is required.

83.     OLS neither admits nor denies the allegations contained in this paragraph for the reason that they are directed to another party and therefore no answer is required.

84.     OLS neither admits nor denies the allegations contained in this paragraph for the reason that they are directed to another party and therefore no answer is required.

## COUNT II
## VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT – HOSTILE WORK ENVIRONMENT
## M.C.L. § 37.2701
## (by all Plaintiffs against Defendants Krol and OLS)

85.     OLS incorporates and realleges each and every answer stated in response to the preceding paragraphs as if fully stated and set forth herein.

86.     OLS admits that John Doe 2 was an employee of OLS from April 2018 until January 2020. OLS neither admits nor denies the remaining allegations contained in this paragraph for the reason that they constitute conclusions of law for which no answer is required.

87.    OLS neither admits nor denies the allegations contained in this paragraph for the reason that they constitute conclusions of law for which no answer is required.

88.    OLS admits that John Doe 1 was an employee of OLS from June 2018 until October 2019. OLS neither admits nor denies the remaining allegations contained in this paragraph for the reason that they constitute conclusions of law for which no answer is required.

89.    To the extent the allegations contained in this paragraph are directed at OLS, it denies them for the reason that they are untrue. OLS neither admits nor denies the allegations that are directed at Krol for the reason that they are directed to another party and therefore no answer is required.

90.    To the extent the allegations contained in this paragraph are directed at OLS, it denies them for the reason that they are untrue. OLS neither admits nor denies the allegations that are directed at Krol for the reason that they are directed to another party and therefore no answer is required.

91.    To the extent the allegations contained in this paragraph are directed at OLS, it denies them for the reason that they are untrue. OLS neither admits nor denies the allegations that are directed at Krol for the reason that they are directed to another party and therefore no answer is required.

92.     OLS denies the allegations contained in this paragraph for the reason that they are untrue.

93.     OLS denies the allegations contained in this paragraph for the reason that they are untrue.

94.     OLS denies the allegations contained in this paragraph for the reason that they are untrue.

95.     OLS denies the allegations contained in this paragraph for the reason that they are untrue.

## COUNT III
### VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT – RETALIATION
### M.C.L. § 37.2701
### (by John Doe 1 against OLS Krol)

96.     OLS incorporates and realleges each and every answer stated in response to the preceding paragraphs as if fully stated and set forth herein.

97.     OLS neither admits nor denies the allegations contained in this paragraph for the reason that they are directed to another party and therefore no answer is required.

98.     OLS neither admits nor denies the allegations contained in this paragraph for the reason that they are directed to another party and therefore no answer is required.

99.   OLS neither admits nor denies the allegations contained in this paragraph for the reason that they are directed to another party and therefore no answer is required.

100.   OLS neither admits nor denies the allegations contained in this paragraph for the reason that they are directed to another party and therefore no answer is required.

101.   OLS neither admits nor denies the allegations contained in this paragraph for the reason that they are directed to another party and therefore no answer is required.

102.   OLS neither admits nor denies the allegations contained in this paragraph for the reason that they are directed to another party and therefore no answer is required.

## <u>COUNT IV</u>
## NEGLIGENT RETENTION AND SUPERVISION
### (by John Doe 1 against Defendant OLS)

103.   OLS incorporates and realleges each and every answer stated in response to the preceding paragraphs as if fully stated and set forth herein.

104.   OLS neither admits nor denies the allegations contained in this paragraph for the reason that they constitute conclusions of law and therefore no answer is required.

105.   OLS denies the allegations contained in this paragraph for the reason that they are untrue.

106.   OLS neither admits nor denies the allegations contained in this paragraph for the reason that they constitute conclusions of law and therefore no answer is required. To the extent an answer is deemed required, OLS denies the allegations contained in this paragraph for the reason that they are untrue.

107.   OLS denies the allegations contained in this paragraph for the reason that they are untrue.

108.   OLS denies the allegations contained in this paragraph for the reason that they are untrue.

## COUNT V
## NEGLIGENT HIRING
**(by John Doe 1 against Defendant OLS)**

109.   OLS incorporates and realleges each and every answer stated in response to the preceding paragraphs as if fully stated and set forth herein.

110.   OLS neither admits nor denies the allegations contained in this paragraph for the reason that they constitute conclusions of law and therefore no answer is required.

111.   OLS denies the allegations contained in this paragraph for the reason that they are untrue.

112.   OLS neither admits nor denies the allegations contained in this paragraph for the reason that they constitute conclusions of law and therefore no answer is required. To the extent an answer is deemed required, OLS denies the allegations contained in this paragraph for the reason that they are untrue.

113.   OLS denies the allegations contained in this paragraph for the reason that they are untrue.

114.   OLS denies the allegations contained in this paragraph for the reason that they are untrue.

## COUNT VI
## CIVIL SEX TRAFFICKING
## 18 U.S.C. §§ 1591, 1595
## (by John Doe 1 against Defendants Krol and OLS)

115.   OLS incorporates and realleges each and every answer stated in response to the preceding paragraphs as if fully stated and set forth herein.

116.   To the extent the allegations contained in this paragraph are directed at OLS, it denies them for the reason that they are untrue. OLS neither admits nor denies the allegations that are directed at Krol for the reason that they are directed to another party and therefore no answer is required.

117.   OLS denies the allegations contained in this paragraph for the reason that they are untrue.

118.   OLS denies the allegations contained in this paragraph for the reason that they are untrue.

119.   OLS denies the allegations contained in this paragraph for the reason that they are untrue.

120.   To the extent that these allegations are directed at OLS, denies the allegations contained in this paragraph for the reason that they are untrue. OLS neither admits nor denies the allegations that are directed at Krol for the reason that they are directed to another party and therefore no answer is required.

121.   OLS denies the allegations contained in this paragraph for the reason that they are untrue.

**COUNT VII**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(by John Doe 1 against Defendant Krol)**

122.   OLS incorporate and reallege each and every answer stated in response to the preceding paragraphs as if fully stated and set forth herein.

123.   OLS neither admits nor denies the allegations contained in this paragraph for the reason that they are directed to another party and therefore no answer is required.

124.   OLS neither admits nor denies the allegations contained in this paragraph for the reason that they are directed to another party and therefore no answer is required.

125. OLS neither admits nor denies the allegations contained in this paragraph for the reason that they are directed to another party and therefore no answer is required.

126. OLS neither admits nor denies the allegations contained in this paragraph for the reason that they are directed to another party and therefore no answer is required.

## RELIEF REQUESTED

WHEREFORE, Defendant OLS respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint in its entirety and award costs, including attorney fees, as the premises permit to OLS.

STARR, BUTLER, ALEXOPOULOS & STONER, PLLC

By:     /s/ Alex L. Alexopoulos
Alex L. Alexopoulos (P40547)
Matthew D. Wellington (P78281)
Attorneys for Defendant OLS
20700 Civic Center Dr., Ste. 290
Southfield, MI  48076
(248) 864-4931
ala@starrbutler.com
mwellington@starrbutler.com

Dated: February 12, 2021

## LIMITED RELIANCE UPON AND OBJECTION TO JURY DEMAND

In response to Plaintiffs' Jury Demand, OLS states its limited reliance upon the jury demand previously made by Plaintiffs and, further, demand a jury trial as to all legal claims and defenses at issue in this litigation, with the exception of all claims that sound in equity or which in the underlying matter, intrinsically involve issues of law for the trial judge to decide and which, therefore, are properly triable only by the judge assigned to this case.

STARR, BUTLER, ALEXOPOULOS & STONER, PLLC

By:   /s/ Alex L. Alexopoulos
       Alex L. Alexopoulos (P40547)
       Matthew D. Wellington (P78281)
       Attorneys for Defendant OLS
       20700 Civic Center Dr., Ste. 290
       Southfield, MI  48076
       (248) 864-4931
       ala@starrbutler.com
       mwellington@starrbutler.com

Dated: February 12, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE 1 and JOHN DOE 2,

      Plaintiffs,

v.

REV. MIROSLAW KROL, and the       Case No: 2:20-cv-13287
ORCHARD LAKE SCHOOLS ("OLS"),    Hon. Denise Page Hood
a Michigan non-profit corp.,

      Defendants.

---

| | |
|---|---|
| Jennifer B. Salvatore (P66640) | Alex L. Alexopoulos (P40547) |
| Salvatore, Prescott, Porter & Porter, PLLC | Matthew D. Wellington (P78281) |
| 105 East Main St. | Starr, Butler, Alexopoulos & Stoner, PLLC |
| Northville, MI 48167 | Attorneys for Defendant OLS |
| (248) 679-8711 | 20700 Civic Center Dr., Ste. 290 |
| salvatore@sppplaw.com | Southfield, Michigan 48076 |
| | (248) 864-4931 |
| Ward Powers (P33739) | ala@starrbutler.com |
| Jonnie Powers (P78823) | |
| Law Offices of Ward M. Powers | Roy H. Henley (P39921) |
| 302 W. Main St. | Jessica E. McNamara (P81885) |
| Northville, MI 48167 | Thrun Law Firm, P.C. |
| (248) 347-1700 | Attorneys for Defendant Krol |
| wpowers@powerslawoffices.com | 2900 West Rd., Ste. 400 |
| | East Lansing, MI 48823 |
| Attorneys for Plaintiffs | (517) 374-8864 |
| | rhenley@thrunlaw.com |

---

## OLS ORCHARD LAKE SCHOOLS' AFFIRMATIVE DEFENSES

    OLS Orchard Lake Schools ("OLS"), through its attorneys, Starr, Butler,

Alexopoulos & Stoner, PLLC, states as follows for its Affirmative Defenses to the

{00081630.DOCX}

allegations in Plaintiffs' Complaint:

1.    Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and/or law.

2.    Plaintiffs' claims and/or alleged damages, in whole or in part, against OLS are barred because OLS was not the cause-in-fact or proximate cause of any harm or damage that Plaintiffs allege.

3.    Claimant's claims for physical, mental or emotional damages and lost wages, in whole or in part, are barred by the exclusive remedy provisions of the Michigan Workers' Disability Compensation Act, MCL §418.101, *et seq*.

4.    Plaintiffs are estopped due to their own actions, omissions, statements, conduct, and/or misconduct.

5.    Plaintiffs' claims, in whole or in part, are barred by the doctrines of unclean hands and/or laches.

6.    Plaintiffs' damages, if any, were caused by the acts and/or omissions of third parties.

7.    Plaintiffs have failed to mitigate their damages, entitlement to which is expressly denied.

8.    OLS acted at all times within the bounds of good faith and for legitimate, non-retaliatory business reasons and made employment decisions without regard to any alleged protected status or protected activity of Plaintiffs.

9.     OLS acted at all times within the bounds of good faith and for legitimate, non-discriminatory business reasons and made employment decisions without regard to any alleged protected status or protected activity of Plaintiffs.

10.     Plaintiffs' claims, in whole or in part, are barred because OLS investigated and/or exercised reasonable care to prevent and promptly correct any alleged harassing behavior in the workplace, and/or Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by OLS or to otherwise avoid harm.

11.     Plaintiffs' request for exemplary/punitive damages is barred because the legal and/or factual bases for their claims do not permit the recovery of punitive damages.

12.     OLS reserves the right to add additional affirmative defenses as may be learned in the course of discovery proceedings or otherwise.

STARR, BUTLER, ALEXOPOULOS & STONER, PLLC


By:     /s/ Alex L. Alexopoulos
   Alex L. Alexopoulos (P40547)
   Matthew D. Wellington (P78281)
   Attorneys for Defendant OLS
   20700 Civic Center Dr., Ste. 290
   Southfield, MI  48076
   (248) 864-4931
   ala@starrbutler.com
   mwellington@starrbutler.com

Dated: February 12, 2021

## <u>CERTIFICATE OF SERVICE</u>

The undersigned says that on February 12, 2021, she has caused to be served a copy of *Defendant Orchard Lake Schools' Answer to Complaint, Limited Reliance Upon and Objection to Jury Demand, and Affirmative Defenses and this Certificate of Service* via the Court's electronic filing system upon all attorneys of record.

I declare that the above statements are true and correct to the best of my knowledge, information and belief.

/s/ Kiersten Plane