**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN DOE 1 and JOHN DOE 2,

       Plaintiffs,

v.

REV. MIROSLAW KROL, and the
ORCHARD LAKE SCHOOLS ("OLS")
a Michigan non-profit corp.,

       Defendants.

Case No. 2:20−cv−13287−DPH−EAS

Hon. Denise Page Hood

| | |
|---|---|
| Jennifer B. Salvatore (P66640)<br>Nakisha Chaney (P65066)<br>SALVATORE PRESCOTT<br>PORTER & PORTER, PLLC<br>105 East Main Street<br>Northville, MI 48167<br>(T): (248) 679-8711<br>salvatore@sppplaw.com<br>chaney@sppplaw.com<br><br>Ward Powers (P33739)<br>Jonnie Powers (P78823)<br>LAW OFFICES OF WARD M. POWERS<br>302 W. Main Street<br>Northville, MI 48167<br>(T): (248) 347-1700<br>wpowers@powerslawoffices.com<br><br>*Attorneys for Plaintiffs* | Alex L. Alexopoulos (P40547)<br>Matthew D. Wellington (P78281)<br>Starr, Butler, Alexopoulos<br>& Stoner, PLLC<br>Attorneys for Defendant OLS<br>20700 Civic Center Drive, Ste. 290<br>Southfield, Michigan 48076<br>(248) 554-2700<br>ala@starrbutler.com<br>mwellington@starrbutler.com<br><br>Roy H. Henley (P39921)<br>Jessica E. McNamara (P81885)<br>Thrun Law Firm, P.C.<br>Attorneys for Defendant Krol<br>2900 West Road, Ste. 400<br>East Lansing, MI 48823<br>(517) 374-8864<br>rhenley@thrunlaw.com<br>jmcnamara@thrunlaw.com |

## MOTION TO COMPEL COMPLIANCE WITH
## THIRD-PARTY SUBPOENA

On April 1, 2021, Plaintiffs issued a subpoena to the Archdiocese of Detroit seeking, among other things, documents pertaining to complaints against Defendant Fr. Miroslaw Krol, and documents regarding Defendant Orchard Lake Schools' ("OLS's") retaliation against another employee after he reported allegations of potential sexual abuse of minors by a seminarian. (Ex. A, Subpoena.[1]) Plaintiffs' subpoena seeks materials directly relevant to the matters at issue in this case.

The Archdiocese of Detroit indicated that it had responsive documents, did not object to the subpoena, yet refused to comply with it unless Plaintiffs stipulated to an overly-broad protective order aimed at keeping *all* responsive materials (and even discussion of such materials) out of the public record entirely. (Ex. B, Letter from Archdiocese; Ex. C, proposed PO.) Plaintiffs' subsequent attempts at negotiating a more narrowly-tailored protective order with counsel for the Archdiocese were futile. (Ex. D, May 4th email between Rheaume and Salvatore; Ex. E, May 11th emails between Rheaume and Salvatore.) The Archdiocese's refusal to comply with the subpoena or to agree on a reasonable protective order necessitates this motion.

Plaintiffs, therefore, bring this Motion to Compel Compliance with their Subpoena under Federal Rule of Civil Procedure 45 on the grounds that the

---

[1] Plaintiffs have redacted the names of certain individuals identified in the subpoena to protect their identities.

Archdiocese of Detroit has failed to produce responsive documents without an unreasonably broad protective order.

In compliance with L.R. 7.1, Plaintiffs' counsel explained the nature of the relief requested to counsel for the Archdiocese of Detroit, but was not able obtain concurrence in the relief sought.

|  | Respectfully submitted,<br>SALVATORE PRESCOTT<br>PORTER & PORTER, PLLC |
|---|---|
| Date: May 14, 2021 | /s/ Jennifer B. Salvatore<br>Jennifer B. Salvatore (P66640)<br>Nakisha Chaney (P65066)<br>105 E. Main Street<br>Northville, MI 48167<br>(248) 679-8711<br>salvatore@sppplaw.com<br>chaney@sppplaw.com |

Ward Powers (P33739)
Jonnie Powers (P78823)
LAW OFFICES OF WARD M. POWERS
302 W. Main Street
Northville, MI 48167
(T): (248) 347-1700
wpowers@powerslawoffices.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN DOE 1 and JOHN DOE 2,

       Plaintiffs,

v.

REV. MIROSLAW KROL, and the
ORCHARD LAKE SCHOOLS ("OLS")
a Michigan non-profit corp.,

       Defendants.

Case No. 2:20−cv−13287−DPH−EAS

Hon. Denise Page Hood

---

Jennifer B. Salvatore (P66640)
Nakisha Chaney (P65066)
SALVATORE PRESCOTT
PORTER & PORTER, PLLC
105 East Main Street
Northville, MI 48167
(T): (248) 679-8711
salvatore@sppplaw.com
chaney@sppplaw.com

Ward Powers (P33739)
Jonnie Powers (P78823)
LAW OFFICES OF WARD M. POWERS
302 W. Main Street
Northville, MI 48167
(T): (248) 347-1700
wpowers@powerslawoffices.com

*Attorneys for Plaintiffs*

Alex L. Alexopoulos (P40547)
Matthew D. Wellington (P78281)
Starr, Butler, Alexopoulos
& Stoner, PLLC
Attorneys for Defendant OLS
20700 Civic Center Drive, Ste. 290
Southfield, Michigan 48076
(248) 554-2700
ala@starrbutler.com
mwellington@starrbutler.com

Roy H. Henley (P39921)
Jessica E. McNamara (P81885)
Thrun Law Firm, P.C.
Attorneys for Defendant Krol
2900 West Road, Ste. 400
East Lansing, MI 48823
(517) 374-8864
rhenley@thrunlaw.com
jmcnamara@thrunlaw.com

---

**BRIEF IN SUPPORT OF MOTION TO COMPEL**
**COMPLIANCE WITH THIRD-PARTY SUBPOENA**

## QUESTION PRESENTED

1.      Whether the Archdiocese of Detroit must comply with the Plaintiffs' subpoena without requiring entry of an unreasonable and overly broad protective order.

**Plaintiffs' Answer**: Yes

**Defendants' Answer**: No

# CONTROLLING AUTHORITIES

**Cases**

*Chapman v. Tristar Prod., Inc.*, No. 16-CV-1114,
  2016 WL 11045307 (N.D. Ohio, October 26, 2016) ....................................4

*Equal Emp. Opportunity Comm'n v. PAM Transp., Inc.,*
  No. 09-CV-13851, 2010 WL 11545049 (E.D. Mich. December 10, 2010)....3

*Knight Capital Partners Corp. v. Henkel AG & Co.,*
  *KGaA*, 290 F. Supp. 3d 681 (E.D. Mich. 2017) ...............................................4

*McLaurin v. Detroit Ent., LLC*, No. CIV.A. 09-CV-13174,
  2010 WL 750194 (E.D. Mich. March 3, 2010)...............................................3

*Waelde v. Merck, Sharp & Dohme*, 94 FRD 27 (E.D. Mich. 1981) ........................3

**Rules**

Fed. R. Civ. P. 26 ........................................................................................*passim*

Fed. R. Civ. P. 45 ........................................................................................*passim*

On April 1, 2021, Plaintiffs submitted a subpoena to the Archdiocese of Detroit ("AOD") seeking production of documents regarding allegations of misconduct against Defendant Fr. Miroslaw Krol and the long-standing pattern of retaliation at Defendant Orchard Lake Schools ("OLS") against employees who speak out about sexual misconduct issues. (Ex. A, Subpoena.) Responsive documents were due on or before April 23, 2021.

On the date the documents were due, and in lieu of production, counsel for the Archdiocese sent to Plaintiffs' counsel a letter indicating that "The AOD is prepared to immediately produce relevant non-privileged records in its possession. However, the AOD objects to producing such records until entry of an appropriate protective order governing the use of the AOD's records, which are confidential." (Ex. B, Rheaume letter to Salvatore.) No basis for the assertion of confidentiality was offered.   Moreover, the proposed protective order was overbroad and would allow Defendants to keep out of the public record entirely not only all of the documents themselves, but all discussion of any of the requested documents. (Ex. C, proposed PO.) The proposed protective order includes the following highly-restrictive stipulations:

- o "Confidential material" means any document, information or other material produced by the AOD in this action which is designated by the AOD as

"CONFIDENTIAL", whether contained in or constituting documents, things, materials, testimony, audio or video recordings, computer disks or data…

o Except with the written consent of the AOD, or pursuant to further Order of this Court, Confidential Material shall not be shown, described, or otherwise revealed to any person or entity other than…the parties…attorneys for the parties…paralegals…consultants, testifying experts…Deposition court reporters…Deponents and trial witnesses… [and] the Court…

o All Confidential Material filed with the Court…shall be filed under seal…All such Confidential Material shall be maintained by the Clerk of the Court separate from the public records in this action…

o Confidential Material shall not be disclosed or summarized, either in writing or orally, to anyone other than persons permitted to have access to such information under this Order…

(Ex. C, proposed PO.)

The Archdiocese's proposed protective order fails to advance a legitimate claim of privilege, trade secrets, or any other legally-recognized basis on which the documents would be rendered confidential and, therefore, appropriately subject to a protective order. Courts within this Circuit have routinely rejected such blanket protective orders:

> ***Defendant proposes that any document or testimony it designates as confidential would be protected by the protective order***. The order

> provides not only that the protected information not be used other than for purposes of this action, but also that the information designated as confidential be sealed and labeled as such in the Court's files . . . ***The proposed order amounts to a blanket protective order, which would apply to any information defendant cares to characterize as confidential.*** This is not the intent of Rule 26, which requires a particularized showing of confidentiality and specific demonstration of harm to a party's competitive situation before a protective order is permitted.

*Waelde v. Merck, Sharp & Dohme*, 94 FRD 27, 30 (E.D. Mich. 1981) (emphasis added); *see also Equal Emp. Opportunity Comm'n v. PAM Transp., Inc.,* No. 09-CV-13851, 2010 WL 11545049, at *1 (E.D. Mich. December 10, 2010) (holding that "Defendant's proposed protective order is overbroad because it allows the parties to designate documents as confidential for vague and as yet unsupported grounds"); *McLaurin v. Detroit Ent., LLC*, No. CIV.A. 09-CV-13174, 2010 WL 750194, at *3 (E.D. Mich. March 3, 2010) (finding a proposed protective order overbroad where "Defendant proposes to produce all of its documents and items pursuant to the proposed protective order. The Court finds that this is not sufficiently narrow to address the parties' respective needs").

Such blanket protective orders as the Archdiocese proposes undermine an important function of the judicial process:

> Granting a protective order motion is within the trial court's discretion, but that discretion is circumscribed by a long-established legal tradition which values public access to court proceedings…Thus, courts in the Sixth Circuit approach protective order motions with a presumption in favor of public access to judicial records…Movants for a protective

3

order must show substantial personal or financial harm before the Court
will seal any documents…

*Chapman v. Tristar Prod., Inc.*, No. 16-CV-1114, 2016 WL 11045307, at *1 (N.D.

Ohio, October 26, 2016) (holding that proposed protective order overbroad and

unspecific).

In response to the proposed protective order, Plaintiffs' counsel reached out

by email to counsel for the Archdiocese of Detroit, attempting to agree on a

protective order of legitimate scope. (Ex. D, email.) This was followed by a phone

call, during which the Archdiocese's counsel did not indicate what specific

information was properly deemed confidential yet indicated no willingness to

compromise on the request for the overly-broad protective order. (Ex. E, emails.) No

responsive documents have to-date been produced.

Plaintiffs, therefore, are forced to bring this Motion to Compel Compliance

with the Subpoena under Federal Rule of Civil Procedure 45. The Archdiocese of

Detroit's refusal to comply with the subpoena unless Plaintiffs agree to an overbroad

protective order allowing the AOD unilateral discretion to designate as confidential

any document it chooses is not permissible. *See e.g., Knight Capital Partners Corp.

v. Henkel AG & Co., KGaA*, 290 F. Supp. 3d 681, 691-92 (E.D. Mich. 2017)

(granting motion to compel where defendant offered no basis for its responsive

production to "be conditioned on the plaintiff's execution of a laundry list of model

protective clauses proffered by the defendant" and "many of the conditions demanded by the defendant and non-party…are not warranted or reasonable").

Here, the Archdiocese of Detroit's attempt to designate any and all documents as confidential and then keep all responsive documents out of the public record entirely is baseless and unreasonable. It is particularly inappropriate where this case involves sexual misconduct by a priest and a religious organization's pattern of retaliation and cover-up of sexual misconduct. Plaintiffs respectfully ask this Court to GRANT their Motion to Compel Compliance with the Subpoena. Plaintiffs further seek sanctions under Rule 45 for the Archdiocese's noncompliance.

Respectfully submitted,
SALVATORE PRESCOTT
PORTER & PORTER, PLLC

Date: May 14, 2021

/s/ Jennifer B. Salvatore
Jennifer B. Salvatore (P66640)
Nakisha Chaney (P65066)
105 E. Main Street
Northville, MI 48167
(248) 679-8711
salvatore@sppplaw.com
chaney@sppplaw.com

Ward Powers (P33739)
Jonnie Powers (P78823)
LAW OFFICES OF WARD M. POWERS
302 W. Main Street
Northville, MI 48167
(T): (248) 347-1700
wpowers@powerslawoffices.com

*Attorneys for Plaintiffs*

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 14, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record. A copy of the foregoing document was served on the Archdiocese of Detroit via e-mail and USPS to Thomas J. Rheaume, Jr., counsel for the Archdiocese of Detroit.

<u>/s/ Kelly Murawski</u>
Kelly Murawski, Legal Secretary