# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE 1 and JOHN DOE 2,

    Plaintiffs,

v.

ORCHARD LAKE SCHOOLS, et al.,

    Defendants.

Case No. 20-cv-13287
Honorable Denise Page Hood
Magistrate Elizabeth A. Stafford

## STIPULATED PROTECTIVE ORDER

Pursuant to the Federal Rule of Civil Procedure 26(c)(1)(G) and E.D. Mich. LR 26.4, and upon the stipulation of the parties, due to the confidentiality of certain records to be produced by the Archdiocese of Detroit ("AOD") in this action and for good cause, the procedures identified in this Order shall be followed for the protection of the AOD against disclosure or any improper use of its confidential information produced or filed pursuant to this Order:

1.    "Confidential Material" means any document, information or other material produced by the AOD in this action which is designated by the AOD as "CONFIDENTIAL", whether contained in or constituting documents, things, materials, testimony, audio or video recordings, computer disks or data stored in other electronic storage media or devices, or any copy, duplication, extract or summary of any document, information or other materials so designated.

2. Confidential Material shall not be used by any of the parties to this action or by any other person or entity given access thereto, except solely for the purpose of prosecuting or defending this action, including any appeals. Confidential Material shall not be used for any business, commercial, other litigation, administrative proceedings, or other purpose whatsoever.

3. Confidential Material disclosed at a deposition shall be designated by the parties as Confidential Material by indicating on the record during the deposition, or by informing the parties in writing within ten (10) days of receipt of the relevant transcript excerpt and/or exhibits, or ten (10) days after entry of this Order, whichever date is later, that the document and related testimony is Confidential Material and subject to the provisions of this Order. The parties shall treat each deposition transcript as "Attorney Eyes Only, Confidential Material" until the above-referenced ten (10) day period for designation of such transcript as Confidential Material has expired, after which time the parties shall honor all designations of Confidential Material in such transcript unless the Court orders otherwise. The AOD shall be given a copy of the relevant portions of any deposition wherein its Confidential Material is utilized and/or discussed. The AOD has the right to designate additional testimony related to its Confidential Material not designated by the parties as Confidential Material. The parties shall exclude from attendance at a deposition, hearing or other proceeding, during such time as

Confidential Material may be disclosed, any person or entity not entitled to receive such information.

4.     Inadvertent production of any privileged or other materials shall not be deemed a waiver or impairment of any claim of privilege or protection including, but not limited to, the attorney-client privilege and the protection afforded to work-product materials, or the subject matter thereof.  Upon receiving written notice from the disclosing party that materials asserted to be privileged or protected have been inadvertently produced, the receiving party shall promptly return all such material (and any copies that may have been made and shall request return of said material that may have been distributed) to the producing party within ten (10) business days of receipt of such notice.  Nothing stated herein shall limit the right of a party to challenge a claim of privilege or protection made pursuant to this paragraph.

5.     Except with the written consent of the AOD, or pursuant to further Order of this Court, Confidential Material shall not be shown, described or otherwise revealed to any person or entity other than the following:

    a. The parties and their subsidiaries, parents, and other affiliates, as well as current or former employees, officers, agents and directors;

    b. Attorneys for the parties in this action;

    c. Paralegals, office clerks, secretaries and clerical or support personnel employed or retained by outside counsel for a party of record in this action;

    d. Consultants, testifying experts and their employees with the need to know who have been engaged by outside counsel for a party in this

3

      action for the purpose of assisting in this action, but only if: (i) it is necessary to disclose the Confidential Material to them for purposes of this action (ii) they are not competitors of parties or affiliates of parties; (iii) they are not officers, directors, employees or agents of competitors of parties or affiliates of parties; and (iv) the have signed an agreement in a form substantially similar to Exhibit A attached hereto;

  e. Deposition court reporters and videographers;

  f. Deponents and trial witnesses;

  g. The Court, including judicial employees and all other necessary personnel, such as court reporters; and

  h. The author, addressee, or any other person identified on the face of the document as a recipient of the specified Confidential Material who would otherwise be entitled to receive same.

6. In the event that any party to this action disagrees with the "CONFIDENTIAL" designation of any document, information or other material, such party shall give the AOD written notice of its disagreement within ten (10) days after receiving the document, information or other material at issue. The interested parties or entities shall first try to resolve such a dispute in good faith. If the dispute cannot be resolved, the party challenging the designation may seek relief from the Court.

7. Nothing in this Order shall prohibit the AOD from disclosing or using its own Confidential Material, and no such disclosures or usage shall affect the confidentiality of such Confidential Material. All Confidential Material shall be stored in a secure place.

8. All Confidential Material filed with the Court or any appellate court, and any pleadings, motions or other papers filed with the Court or any appellate court disclosing any Confidential Material shall be filed under seal as provided under the applicable Local Rules or provided only to the judge with the judge's copy of such filings.  All such Confidential Material shall be maintained by the Clerk of the Court separate from the public records in this action, and shall be released to persons or entities other than attorneys for the parties and Court personnel only upon written agreement of the AOD or upon further order of the Court entered after reasonable written notice and opportunity to the AOD to file objections thereto.

9. Nothing in this Order shall prevent a party from using any Confidential Material during a hearing or at trial.  If any party proposes to use Confidential Material, that party shall give reasonable notice, based on the circumstances, to the AOD of such intended use to allow the AOD an opportunity to petition the Court to institute appropriate procedures to maintain the confidentiality of the Confidential Material to be used at the hearing or trial.

10. Confidential Material shall not be disclosed or summarized, either in writing or orally, to anyone other than persons permitted to have access to such information under this Order.

11. The parties, by stipulating to entry of this Order, do not waive any applicable privileges, and reserve their right to contest any requests of subpoenas for

documents or testimony and to assert such applicable privileges.

12. Within thirty (30) days of conclusion of this case (including without limitation any appeals), all Confidential Material shall be destroyed or returned to counsel for the AOD. The destruction or return of Confidential Material under this paragraph shall include, without limitation, all copies, duplication, extracts, and summaries thereof, except that outside counsel for each party may maintain in his/her files one copy of each pleading filed with the Court, each deposition transcript together with exhibits marked at the deposition, one copy of each piece of correspondence, and documents constituting attorney work product which were internally generated based upon or which include Confidential Material. The parties shall certify in writing that all Confidential Material required to be destroyed or returned has been destroyed or returned within fourteen (14) days of receipt of a written request for such certification by the AOD.

13. If a party in possession of Confidential Material receives a subpoena or other request seeing production or other disclosure of the Confidential Material, that party shall give written notice within five (5) business days of service of said subpoena to counsel for the AOD, stating the Confidential Material sought and the time production of other disclosure is required. In no event should production or disclosure be made without either (i) written approval by counsel for the AOD; (ii) further order by any court; or (iii) the AOD not filing and serving a motion to quash

the subpoena at least two (2) business days before production of the documents is required to occur per the terms of the subpoena. The party receiving such subpoena or request shall provide reasonable cooperation of the AOD objecting to the subpoena or request.

14. All parties and their attorneys, and all other persons and entities possessing or granted access to Confidential Material or under this Order shall be bound by this Order. The Court may impose sanctions on any person or entity possessing or granted access to Confidential Material under this Order who discloses or uses the Confidential Material for any purposes other than as authorized by this Order, or who otherwise violates the terms of this Order.

IT IS SO ORDERED.

Dated: _____                        _____
                                           Honorable Denise Page Hood
                                           United States District Court Judge

**Approved for entry:**

| | |
|---|---|
| Jennifer B. Salvatore (P) | Alex L. Alexopoulos (P) |
| Salvatore Prescott, PLLC | Starr, Butler, Alexopoulos, Stoner, PLLC |
| 105 E. Main Street | 20700 Civic Center Drive, Suite 290 |
| Northville, MI 48167 | Southfield, MI 48076 |
| (248) 679.8711 | (248) 864-4931 |
| salvatore@spplawyers.com | ala@starrbutler.com |
| *Attorneys for Plaintiffs* | *Attorney for Defendant Orchard Lake Public Schools* |

8

| | |
|---|---|
| Jessica E. McNamara | Thomas J. Rheaume, Jr. (P74422) |
| Thrun Law Firm | Bodman PLC |
| 2900 West Road, Suite 400 | 6th Floor at Ford Field |
| East Lansing, MI 48823 | 1901 St. ANotine Street |
| (517) 484-8000 | Detroit, MI 48226 |
| jmcnamara@thrunlaw.com | (313) 259-7777 |
| *Attorneys for Defendant Miroslaw Krol* | trheaume@bodmanlaw.com |
| | *Attorneys for Non-Party The Archdiocese of Detroit* |

# **EXHIBIT A**

# **ACKNOWLEDGEMENT REGARDING CONFIDENTIAL MATERIALS**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN DOE 1 and JOHN DOE 2,

    Plaintiffs,                     Case No. 20-cv-13287
                                       Honorable Denise Page Hood
v.                                   Magistrate Elizabeth A. Stafford

ORCHARD LAKE SCHOOLS, et al.,

    Defendants.

---

**ACKNOWLEDGEMENT REGARDING CONFIDENTIAL MATERIALS**

      I have read and understand the Protective Order entered in this case and agree to be bound by the provisions thereof.  I agree to subject myself to the personal jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violation of that Order.

                                           _____
                                           Name

                                           _____
                                           Signature

                                           _____
                                           Date