# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN DOE 1 and JOHN DOE 2,

    Plaintiffs,

v.

REV. MIROSLAW KROL, and the
ORCHARD LAKE SCHOOLS ("OLS")
a Michigan non-profit corp.,

    Defendants.

Case No. 2:20−cv−13287−DPH−EAS

Hon. Denise Page Hood

---

| | |
|---|---|
| Jennifer B. Salvatore (P66640)<br>Nakisha Chaney (P65066)<br>SALVATORE PRESCOTT<br>PORTER & PORTER, PLLC<br>105 East Main Street<br>Northville, MI 48167<br>(T): (248) 679-8711<br>salvatore@sppplaw.com<br>chaney@sppplaw.com<br><br>Ward Powers (P33739)<br>Jonnie Powers (P78823)<br>LAW OFFICES OF WARD M. POWERS<br>302 W. Main Street<br>Northville, MI 48167<br>(T): (248) 347-1700<br>wpowers@powerslawoffices.com<br><br>*Attorneys for Plaintiffs* | Alex L. Alexopoulos (P40547)<br>Zeth Hearld (P79725)<br>Starr, Butler, Alexopoulos<br>& Stoner, PLLC<br>Attorneys for Defendant OLS<br>20700 Civic Center Drive, Ste. 290<br>Southfield, Michigan 48076<br>(248) 554-2700<br>ala@starrbutler.com<br>mwellington@starrbutler.com<br><br>Roy H. Henley (P39921)<br>Jessica E. McNamara (P81885)<br>Thrun Law Firm, P.C.<br>Attorneys for Defendant Krol<br>2900 West Road, Ste. 400<br>East Lansing, MI 48823<br>(517) 374-8864<br>rhenley@thrunlaw.com<br>jmcnamara@thrunlaw.com |

## **PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF FR. DAMIAN CHRZANOWSKI**

NOW COME Plaintiffs, by and through their attorneys, and for their Motion to Compel Deposition of Fr. Damian Chrzanowski, state the following:

1. Father Damian Chrzanowski (hereafter, "Fr. Damian"), was, until recently, an employee of Defendant OLS.

2. Fr. Damian was a participant on an organized tour to Mexico taking place in December of 2019 on which Defendant Krol was also present.

3. Plaintiffs seek to depose Fr. Damian regarding his contemporaneous knowledge of the incident in Mexico as well as his broader interactions with and knowledge of Defendant Krol.

4. Plaintiffs have made numerous efforts to preserve Fr. Damian's testimony since March of 2021.

5. Plaintiffs bring this motion due to a pattern of delay and obstruction by Defendants during the discovery process in this case, as detailed in the attached Brief in Support.

6. As of the filing of this motion, Fr. Damian's deposition has not taken place.

7. Defense counsel has indicated that there is nothing further he will do to secure this testimonial evidence.

8.  In compliance with L.R. 7.1, Plaintiffs' counsel requested of Defendants' concurrence in the relief requested, but was not able to obtain concurrence in the relief sought.

## RELIEF REQUESTED

For the foregoing reasons and those detailed in the attached Brief in Support, Plaintiffs request that the Court grant their Motion to Compel the Deposition of Fr. Damian Chrzanowski, or, alternatively for an adverse inference jury instruction with respect to this witness at trial.

Date: October 5, 2021

Respectfully submitted,
SALVATORE PRESCOTT
PORTER & PORTER, PLLC

/s/ Jennifer B. Salvatore
Jennifer B. Salvatore (P66640)
Nakisha Chaney (P65066)
105 E. Main Street
Northville, MI 48167
(248) 679-8711
salvatore@sppplaw.com
chaney@sppplaw.com

Ward Powers (P33739)
Jonnie Powers (P78823)
LAW OFFICES OF WARD M. POWERS
302 W. Main Street
Northville, MI 48167
(T): (248) 347-1700
wpowers@powerslawoffices.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN DOE 1 and JOHN DOE 2,

    Plaintiffs,

v.

REV. MIROSLAW KROL, and the
ORCHARD LAKE SCHOOLS ("OLS")
a Michigan non-profit corp.,

    Defendants.

Case No. 2:20−cv−13287−DPH−EAS

Hon. Denise Page Hood

---

| | |
|---|---|
| Jennifer B. Salvatore (P66640)<br>Nakisha Chaney (P65066)<br>SALVATORE PRESCOTT<br>PORTER & PORTER, PLLC<br>105 East Main Street<br>Northville, MI 48167<br>(T): (248) 679-8711<br>salvatore@spfplaw.com<br>chaney@spfplaw.com<br><br>Ward Powers (P33739)<br>Jonnie Powers (P78823)<br>LAW OFFICES OF WARD M. POWERS<br>302 W. Main Street<br>Northville, MI 48167<br>(T): (248) 347-1700<br>wpowers@powerslawoffices.com<br><br>*Attorneys for Plaintiffs* | Alex L. Alexopoulos (P40547)<br>Zeth Hearld (P79725)<br>Starr, Butler, Alexopoulos<br>& Stoner, PLLC<br>Attorneys for Defendant OLS<br>20700 Civic Center Drive, Ste. 290<br>Southfield, Michigan 48076<br>(248) 554-2700<br>ala@starrbutler.com<br>mwellington@starrbutler.com<br><br>Roy H. Henley (P39921)<br>Jessica E. McNamara (P81885)<br>Thrun Law Firm, P.C.<br>Attorneys for Defendant Krol<br>2900 West Road, Ste. 400<br>East Lansing, MI 48823<br>(517) 374-8864<br>rhenley@thrunlaw.com<br>jmcnamara@thrunlaw.com |

---

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF FR. DAMIAN CHRZANOWSKI

## QUESTION PRESENTED

1.  Whether Defendant OLS should be ordered to produce Fr. Damian Chrzanowski for deposition and whether, absent OLS's ability to produce the witness, an adverse inference jury instruction should be given regarding this witness's testimony.

**Plaintiffs' Answer:** Yes.

**Defendants' Answer:** No.

# **CONTROLLING AUTHORITIES**

**Cases**

*Baker v. Colon*, No. 11-CV-12973-DT,
  2013 WL 686406, at *3 (E.D. Mich. February 26, 2013)………..…………6

*Beaven v. U.S. Dept. of Justice,*
  622 F.3d 540, 553–54 (6th Cir. 2010)......................…………………9

*Bellmore v. U.S. Steel Corp.,*
  983 F.2d 1065 (6th Cir. 1992)...................................……….…………9

*Culhane v. Wal-Mart Supercenter,*
  364 F. Supp. 3d 768, 771 (E.D. Mich. 2019)……………..……………5

*Hodge v. Wal-Mart Stores, Inc.,*
  360 F.3d 446, 450 (4th Cir. 2004)…………………………...…………5

*Jurczenko v. Fast Prop. Sols., Inc.*, No. 1:09 CV 1127,
  2010 WL 2891584, at *3 (N.D. Ohio July 20, 2010)……….…………….6

*Mager v. Wisconsin Cent. Ltd.,*
  *924 F.3d 831, 837 (6th Cir. 2019)*……………………………..…………4

*Powell v. State Farm Mut. Auto. Ins. Co.*, No. 11-11280,
  2012 WL 12930351 (E.D. Mich. July 25, 2012)............…………………8

**Rules**

Mich. R. Prof. Conduct, Rule 3.2….…………………………..….………..6

Mich. R. Prof. Conduct, Rule 3.4….…………………………..…....……..7

## INTRODUCTION

Plaintiffs bring this motion due to a pattern of delay and obstruction by Defendants during the discovery process in this case. The present motion is to compel the deposition of Father Damian Chrzanowski (hereafter, "Fr. Damian"), who until recently was an OLS employee. Fr. Damian was a participant on an organized tour to Mexico taking place in December of 2019 on which Defendant Krol was also present. During that Mexico trip, Fr. Krol is alleged to have hired male prostitutes and then lied about doing so. Defendant Krol's sexual impropriety and cover-up are part of a pattern of conduct consistent with the claims in this matter and inconsistent with Krol's defense.[1]

Plaintiffs seek to depose Fr. Damian regarding his contemporaneous knowledge of the incident in Mexico as well as his broader interactions with and knowledge of Defendant Krol. Defendant Krol's conduct as well as his credibility

---

[1] Plaintiffs learned about the events in Mexico when Plaintiffs' counsel was contacted by Mr. Sebastian Kozlowski, a native of Poland who conducts tours in Mexico for Polish nationals. Mr. Kozlowski led the 2019 tour in which Frs. Krol and Damian participated.
   Mr. Kozlowski says that while in Mexico City, Defendant Krol invited two known male prostitutes to his hotel room. **Ex. A**, Kozlowski Declaration. After the man left his room, Defendant Krol appeared at the front desk and appeared to have been beaten up. Krol reported to hotel staff that his iPhone had been stolen, but did not disclose the presence of prostitutes in his room, insinuating instead that he had been robbed by a hotel employee or patron. Defendant Krol requested that hotel staff supply a letter to his insurer to document that his phone was stolen. (*Id.*)

and character for truthfulness are directly implicated by Fr. Damian's anticipated testimony.

## FACTUAL BACKGROUND

The first deposition notice sent out in this case was for Fr. Damian Chrzanowski. Plaintiffs initially noticed Fr. Damian's deposition for March 5, 2021. *See* **Ex. B**, NOD 2/23/21. OLS's counsel initially responded that he was not available on that date. **Ex. C**, Alexopoulos email 3/1/21. The deposition was then not immediately rescheduled because Defense counsel subsequently indicated to Plaintiffs' counsel that Fr. Damian was in Poland because of a visa issue.[2]

When Plaintiffs' counsel again tried to schedule Fr. Damian's deposition and inquired whether a subpoena would be necessary, on June 11, 2021 Defense counsel indicated, "I represent and can accept service for…Fr. Chrzanowski." **Ex. F**, Alexopoulos email 6/11/21. Defense counsel then scheduled Fr. Damian's deposition for a date in September – three months out – despite the fact that OLS was planning a going-away party for Fr. Damian for July and would soon be leaving the country. *See* **Ex. G**, Subpoena and NOD 6/9/21 and Re-NOD 6/28/21; *See also* **Exs. D** and **E**, Kujawa Dep. Transcripts.

---

[2] On September 17, 2021, however, two OLS employees testified at their depositions that Fr. Damian, in fact, had consistently been on campus in Michigan throughout his employment with OLS, including in the Spring of 2021 when OLS's counsel claimed that he was in Poland. *See* **Ex. D**, Dep. of Barbara Kujawa at pp. 25-26 and **Ex. E,** Dep. of Slawomir Kujawa at pp. 29-30.

In the intervening months, knowing that Plaintiffs had been seeking to take Fr. Damian's deposition for many months in order to substantiate Fr. Krol's behavior with prostitutes in Mexico, Defendant OLS then held a going away party for Fr. Damian, allowed him to depart his OLS employment, *and* allowed him to leave the country on August 1, 2021 prior to his scheduled deposition.

Only on September 15, 2021 – two days before Fr. Damian was scheduled to appear at his deposition and *six weeks* after he departed OLS and the United States – did Defense counsel notify Plaintiffs' counsel of Fr. Damian's departure and unavailability to be deposed. **Ex. H**, Alexopoulos email 9/15/21. Not only that, but Defense counsel indicated that Father Damian had left no known forwarding address and was not responding to emails from OLS's counsel. **Ex. I**, Alexopoulos emails 9/16/21. Defense counsel wrote: "Fr. Damian is no longer affiliated with OLS in any way. Accordingly, I no longer have any control over him. However, I have already tried and will continue trying to arrange a Zoom deposition with him." *Id*. Counsel then informed Plaintiffs' counsel that Fr. Damian's last day of work at OLS had been August 1, 2021. *Id*.

Defense counsel provided no explanation as to why he had not notified Plaintiffs' counsel of Fr. Damian's pending departure at any point during the six months in which Plaintiffs had actively sought to depose him or why he had scheduled Fr. Damian's deposition for a date after his planned departure from the

United States. Nor did defense counsel offer any justification for permitting the witness to depart the country without notifying Plaintiffs' counsel so that his testimony could be preserved. As of the filing of this motion, Fr. Damian's deposition has not taken place. Defense counsel has indicated that there is nothing further he will do to secure this testimonial evidence.

## ARGUMENT

**I.    The rules governing discovery require good faith; demand that evidence be preserved; and prohibit delay and obstruction.**

Parties to litigation have an overarching obligation to conduct discovery in good faith and may be sanctioned for conduct indicative of bad faith. The Sixth Circuit has explained that "[t]o show that a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct must display either an ***intent to thwart judicial proceedings*** or a ***reckless disregard*** for the effect of [his] conduct on those proceedings." *Mager v. Wisconsin Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (internal quote omitted) (emphasis added).

Based on the facts here and the known sensitivity of Fr. Damian's testimony, Defendants' conduct appears to be a deliberate thwarting of the discovery process. Defense counsel failed to notify Plaintiffs of Fr. Damian's status and made no effort to schedule Fr. Damian's deposition so that it could take place before his departure. Defense counsel did so after representing to Plaintiffs' counsel that she would not

need to subpoena Fr. Damian because Mr. Alexopoulos represented him for purposes of his deposition. *See* **Ex. F**.

Because Defendants have a duty to preserve evidence, including witness testimony, from spoilation, an adverse inference may be drawn against a party who willfully fails to do so:

> The spoliation of evidence rule allows the drawing of an adverse inference against a party whose intentional conduct causes not just the destruction of evidence ... but also against one who fails to preserve or produce evidence-***including the testimony of witnesses***.

*Culhane v. Wal-Mart Supercenter*, 364 F. Supp. 3d 768, 771 (E.D. Mich. 2019) (emphasis added) (granting request for adverse inference instruction), citing *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 450 (4th Cir. 2004).

A spoilation analysis is correctly applied to these facts. Defendant OLS failed to produce or preserve the testimony of Fr. Damian, and this failure certainly appears intentional: Defense counsel initially prevented Fr. Damian from being deposed in the spring of 2021 by claiming he was in Poland. Defense counsel next stated in writing in June that he could accept service for Fr. Damian before purposefully scheduling his deposition for a date well after his planned departure from the United States. **Ex. F**, June email; **Ex. G**, dep notices. In the meantime, OLS allowed the witness to leave his employment and the United States without informing Plaintiffs. Defense counsel then claimed that he was no longer able to compel Fr. Damian's attendance at the deposition and did not even have a forwarding address for him. **Ex.**

**H and I**, September emails. Defendant's conduct constitutes spoilation of testimonial evidence.[3]

## II. Michigan's Rules of Professional Conduct require that counsel act in good faith to prevent delay, preserve evidence, and avoid obstruction and concealment of evidence or testimony.

Michigan's Rules of Professional Conduct also govern the litigation process and dictate that parties must act in good faith to expedite litigation; must not obstruct another party's access to evidence; must diligently comply with discovery; and must avoid obstructive tactics including the destruction or concealment of evidence. For example:

> Rule 3.2. Expediting Litigation: A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.
>
> Comment: Delay should not be indulged merely for the convenience of the advocates, or for the purpose of frustrating an opposing party's attempt to obtain rightful redress or repose…Even though it causes delay, a course of action is proper if a competent lawyer acting in ***good faith*** would regard the course of action as having some substantial purpose other than delay.

---

[3] Defendant's conduct here is consistent with its conduct throughout this case. Since this case was filed in December of 2020, Plaintiffs have sought to depose 21 witnesses. Defendants repeatedly have delayed scheduling depositions or have cancelled key depositions on the eve of testimony. *See* **Ex. J**, Salvatore email regarding cancellation of Fr. Krol deposition. The Courts regularly impose sanctions for such discovery delays. *See e.g.*, *Jurczenko v. Fast Prop. Sols., Inc.*, No. 1:09 CV 1127, 2010 WL 2891584, at *3 (N.D. Ohio July 20, 2010) (awarding sanctions against party who cancelled depositions the day before they were scheduled, provided no substantial justification for the cancelation, and attempted to avoid rescheduling them); *Baker v. Colon*, No. 11-CV-12973-DT, 2013 WL 686406, at *3 (E.D. Mich. February 26, 2013) (imposing sanctions on party who failed to make two witnesses available for deposition).

\* \* \*

<u>Rule 3.4. Fairness to Opposing Party and Counsel</u>. A lawyer shall not: (a) unlawfully ***obstruct another party's access to evidence***; unlawfully alter, destroy, or conceal a document or other material having potential evidentiary value; or counsel or assist another person to do any such act.

Mich. R. Prof. Conduct (emphasis added).

Defense counsel's conduct flies in the face of these duties. With regards to Rule 3.2's requirement of good faith when causing delay, Defense counsel delayed Fr. Damian's deposition in the spring by informing Plaintiffs' counsel that Fr. Damian was abroad resolving a visa issue, an assertion that has been called into question by subsequent witness testimony. *See* Kujawa Dep. Transcripts at **Ex. D** and **Ex. E**. Defense counsel thereafter acted in bad faith to cause further delay by permitting the witness to depart his OLS employment and the country prior to his scheduled deposition.

Defense counsel also obstructed Plaintiffs' access to testimonial evidence, did not make reasonably diligent efforts to ensure that Fr. Damian appeared at his duly scheduled deposition, and employed obstructive tactics, including a failure to inform Plaintiffs' counsel of Fr. Damian's absence until the eve of his deposition—six weeks after he returned to Poland when it was too late for Plaintiffs to subpoena Fr. Damian.

### III. An Order compelling Fr. Damian's deposition is the appropriate remedy where Defense counsel assumed responsibility for his appearance then misrepresented the facts and allowed the witness to leave the country.

Defense counsel assumed responsibility for Fr. Damian's appearance at his deposition, while simultaneously behaving in such a manner as to ensure his deposition did not occur.

The fact that Defense counsel expressly assumed responsibility for Fr. Damian's appearance is relevant to the remedy Plaintiffs seek: an Order compelling his deposition. In *Powell*, this Court looked at the failure of third-party witnesses to appear at depositions. *Powell v. State Farm Mut. Auto. Ins. Co.*, No. 11-11280, 2012 WL 12930351 (E.D. Mich. July 25, 2012). The Court in that case declined to impose sanctions on the plaintiff because "the record does not establish that Plaintiff has control over these witnesses or was responsible for their failure to appear." *Id*. at *3. The Court went on to explain: "If Defendant can establish that Plaintiff controls these witnesses, it first needs to obtain an order compelling their depositions before seeking to preclude their testimony." *Id*.

In this case, Defendant went further than accepting service and assuming responsibility for Fr. Damian's appearance – OLS permitted the witness to depart the country before his deposition could take place and concealed this fact from Plaintiffs' counsel until it was too late to depose him. Therefore, at a minimum, this

Court should compel the deposition of Fr. Damian, as defense counsel indicated that the witness was represented by him and presumably within his control.

If Defendant does not produce Fr. Damian for deposition, Plaintiffs request an adverse inference jury instruction. Such an instruction is appropriate where a party had it fully within its power to produce a witness but failed to do so. *See Bellmore v. U.S. Steel Corp.*, 983 F.2d 1065 (6th Cir. 1992) (holding that "[u]nder the missing witness rule, the factfinder may draw an inference of unfavorable testimony from an uncalled witness, but only when 'a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction'").

Defense counsel's conduct is central to the appropriate relief. In the context of spoilation such as occurred here, the Sixth Circuit has held:

> [A]n adverse inference for evidence spoliation is appropriate if the Defendants knew the evidence was relevant to some issue at trial and ... [their culpable] conduct resulted in its loss or destruction. This depends on the alleged spoliator's mental state regarding any obligation to preserve evidence and the subsequent destruction. [T]he culpable state of mind factor is satisfied by a showing that the evidence was destroyed knowingly, even if without intent to [breach a duty to preserve it], or negligently.

*Beaven v. U.S. Dept. of Justice*, 622 F.3d 540, 553–54 (6th Cir. 2010). Defense counsel *knowingly* delayed Fr. Damian's deposition for several months, then allowed him to depart his employment with OLS and the jurisdiction without securing the testimonial evidence that Plaintiffs had long sought. If OLS cannot promptly produce Fr. Damian for deposition, Claimant should be allowed an adverse inference

-9-

jury instruction at trial with respect to what his testimony would be regarding Fr. Krol's conduct in Mexico.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court grant their Motion to Compel the Deposition of Fr. Damian Chrzanowski, or, alternatively for an adverse jury instruction.

|  |  |
|---|---|
| Date: October 5, 2021 | Respectfully submitted,<br>SALVATORE PRESCOTT<br>PORTER & PORTER, PLLC<br><br>/s/ Jennifer B. Salvatore<br>Jennifer B. Salvatore (P66640)<br>Nakisha Chaney (P65066)<br>105 E. Main Street<br>Northville, MI 48167<br>(248) 679-8711<br>salvatore@spplaw.com<br>chaney@spplaw.com<br><br>Ward Powers (P33739)<br>Jonnie Powers (P78823)<br>LAW OFFICES OF WARD M. POWERS<br>302 W. Main Street<br>Northville, MI 48167<br>(T): (248) 347-1700<br>wpowers@powerslawoffices.com<br><br>*Attorneys for Plaintiffs* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel of record.

/s/ Tara L. Lank
Tara L. Lank, Legal Secretary
