# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN DOE 1 and JOHN DOE 2,

    Plaintiffs,

v.

REV. MIROSLAW KROL, and the ORCHARD LAKE SCHOOLS ("OLS") a Michigan non-profit corp.,

    Defendants.

Case No. 2:20−cv−13287−DPH−EAS

Hon. Denise Page Hood

| | |
|---|---|
| Jennifer B. Salvatore (P66640)<br>Nakisha Chaney (P65066)<br>SALVATORE PRESCOTT<br>PORTER & PORTER, PLLC<br>105 East Main Street<br>Northville, MI 48167<br>(T): (248) 679-8711<br>salvatore@sppplaw.com<br>chaney@sppplaw.com<br><br>Ward Powers (P33739)<br>Jonnie Powers (P78823)<br>LAW OFFICES OF WARD M. POWERS<br>302 W. Main Street<br>Northville, MI 48167<br>(T): (248) 347-1700<br>wpowers@powerslawoffices.com<br><br>*Attorneys for Plaintiffs* | Alex L. Alexopoulos (P40547)<br>Zeth Hearld (P79725)<br>Starr, Butler, Alexopoulos<br>& Stoner, PLLC<br>Attorneys for Defendant OLS<br>20700 Civic Center Drive, Ste. 290<br>Southfield, Michigan 48076<br>(248) 554-2700<br>ala@starrbutler.com<br>zhearld@starrbutler.com<br><br>Roy H. Henley (P39921)<br>Jessica E. McNamara (P81885)<br>Thrun Law Firm, P.C.<br>Attorneys for Defendant Krol<br>2900 West Road, Ste. 400<br>East Lansing, MI 48823<br>(517) 374-8864<br>rhenley@thrunlaw.com<br>jmcnamara@thrunlaw.com |

**PLAINTIFFS' MOTION TO COMPEL THIRD PARTY DEPOSITION**

On June 9, 2021, Plaintiffs subpoenaed third-party witness Archbishop Vigneron of the Archdiocese of Detroit ("AOD") to appear at a deposition to take place on September 13, 2021. Archbishop Vigneron is an important witness for Plaintiffs due to his role in the hiring process of Fr. Krol and his knowledge of concerns raised about sexual and other misconduct at Orchard Lake Schools – misconduct occurring both during Krol's time as Vice Rector of the OLS Seminary, and during his subsequent tenure as OLS Chancellor. Vigneron presumably has knowledge of information the AOD learned of during its investigation of a scandal in which Krol was involved, as well as information Vigneron personally received from individuals who reported to the AOD concerns about Krol's conduct and about OLS's retaliation against employees who reported sexual abuse.

Vigneron's knowledge in this regard is centrally important to Plaintiffs' claims in this matter – which include both sexual assault claims and claims for negligent hiring and negligent retention and supervision. Archbishop Vigneron serves as head of the SS Cyril & Methodius Seminary at OLS and is a member of the OLS Board of Regents. **Ex. A**, OLS Board Directory. He was involved in OLS's decision to hire Krol as Chancellor in 2017 and met with Krol shortly after he started at OLS. *See* **Ex. B**, Hiring Process Documents. For all these reasons, Archbishop Vigneron's testimony is "relevant to the [Plaintiffs'] claims" and discoverable under Rule 26(b).

A few days prior to Vigneron's deposition, however, counsel for the AOD notified Plaintiffs' counsel that the AOD objected to the deposition of Archbishop Vigneron on the grounds that it was "unnecessary, burdensome, and disproportionate to the needs of the case." **Ex. C**, 9/8/21 email from T. Rheaume. The AOD, however, made no attempt to support this assertion other than noting that Plaintiffs intend to depose three other AOD witnesses. Plaintiffs, therefore, bring this motion to compel the deposition of Archbishop Vigneron.

In compliance with L.R. 7.1, Plaintiffs' counsel explained the nature of the relief requested to counsel for the Archdiocese of Detroit but was not able obtain concurrence in the relief sought.

|  |  |
|---|---|
| | Respectfully submitted, <br> SALVATORE PRESCOTT <br> PORTER & PORTER, PLLC |
| Date: October 8, 2021 | /s/ Jennifer B. Salvatore <br> Jennifer B. Salvatore (P66640) <br> Nakisha Chaney (P65066) <br> 105 E. Main Street <br> Northville, MI 48167 <br> (248) 679-8711 <br> salvatore@spplaw.com <br> chaney@spplaw.com |
| | Ward Powers (P33739) <br> Jonnie Powers (P78823) <br> LAW OFFICES OF WARD M. POWERS <br> 302 W. Main Street <br> Northville, MI 48167 <br> (T): (248) 347-1700 <br> wpowers@powerslawoffices.com |

-3-

*Attorneys for Plaintiffs*

-3-

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN DOE 1 and JOHN DOE 2,

    Plaintiffs,

v.

REV. MIROSLAW KROL, and the ORCHARD LAKE SCHOOLS ("OLS") a Michigan non-profit corp.,

    Defendants.

Case No. 2:20−cv−13287−DPH−EAS

Hon. Denise Page Hood

Jennifer B. Salvatore (P66640)
Nakisha Chaney (P65066)
SALVATORE PRESCOTT
PORTER & PORTER, PLLC
105 East Main Street
Northville, MI 48167
(T): (248) 679-8711
salvatore@sppplaw.com
chaney@sppplaw.com

Ward Powers (P33739)
Jonnie Powers (P78823)
LAW OFFICES OF WARD M. POWERS
302 W. Main Street
Northville, MI 48167
(T): (248) 347-1700
wpowers@powerslawoffices.com

*Attorneys for Plaintiffs*

Alex L. Alexopoulos (P40547)
Zeth Hearld (P79725)
Starr, Butler, Alexopoulos
& Stoner, PLLC
Attorneys for Defendant OLS
20700 Civic Center Drive, Ste. 290
Southfield, Michigan 48076
(248) 554-2700
ala@starrbutler.com
zhearld@starrbutler.com

Roy H. Henley (P39921)
Jessica E. McNamara (P81885)
Thrun Law Firm, P.C.
Attorneys for Defendant Krol
2900 West Road, Ste. 400
East Lansing, MI 48823
(517) 374-8864
rhenley@thrunlaw.com
jmcnamara@thrunlaw.com

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL THIRD PARTY DEPOSITION

## **TABLE OF CONTENTS**

**QUESTION PRESENTED**……………………………………………...……ii

**CONTROLLING AUTHORITIES**……………………………………..…iii

**INTRODUCTION**……………..…………………………………….…...……1

**FACTUAL BACKGROUND**……………………………………….…...……2

**ARGUMENT**……………..…………………………………………….…...……3

    **I.**    **Archbishop Vigneron was involved in and had knowledge relevant to Defendant Krol's hiring process.** ………………….…3

    **II.**    **Vigneron also became aware of additional concerns about Krol during Krol's time as Chancellor.** ……..……………………………5

    **III.**    **The Archdiocese of Detroit cannot show good cause as to why Vigneron should not be deposed.** …………..……………….………7

**CONCLUSION** ……………..…………………………………..….……9

## **QUESTION PRESENTED**

1.  Should the Archdiocese of Detroit be required to produce Archbishop Vigneron – head of the OLS Seminary and a member of the OLS Board of Regents – for deposition in this matter?

Plaintiffs' answer: Yes.

AOD's answer: No.

# **CONTROLLING AUTHORITIES**

**Cases**

*Downing v. Dollar Gen. Corp.*, No. 3:10-1211,
   2012 WL 5381784, at *3 (M.D. Tenn. Oct. 30, 2012) ................................. 8-9

*Loyd v. Saint Joseph Mary Oakland,*
   766 F.3d 580, 593 (6th Cir. 2014)… ............................................................... 8

*In re Ohio Execution Protocol Litigation*,
   845 F.3d 231, 236 (6th Cir. 2016). ................................................................. 8

**Rules**

Fed. R. Civ. P. 26(b)… ................................................................................. 8, *passim*
Fed. R. Civ. P. 30(a)(2)… ........................................................................................ 8

# INTRODUCTION

Plaintiffs in this matter are former employees of Defendant Orchard Lake Schools ("OLS") who worked under Defendant Father Miroslaw Krol. Defendant Krol, in his capacity as Chancellor of OLS, personally recruited Plaintiffs to OLS, where he then sexually harassed and assaulted them during their employment. Plaintiffs bring claims for assault and battery; retaliation; civil sex trafficking; intentional infliction of emotional distress; negligent retention and supervision; and negligent hiring – all flowing out of their employment at OLS, sexual harassment by Krol, and subsequent retaliation for reporting that harassment.

Archbishop Vigneron, of the Archdiocese of Detroit ("AOD"), serves as head of the SS Cyril & Methodius Seminary at OLS and is a member of the OLS Board of Regents ("Board"). *See* **Ex. A** at pp. 000052, 55, 72, 73. Archbishop Vigneron was involved in OLS's decision to hire Defendant Krol as Chancellor despite prior reports of misconduct—including misconduct that the AOD had previously investigated. *See* **Ex. B**, Hiring Process Documents. Archbishop Vigneron is, therefore, an important witness in this case and possesses personal knowledge and information regarding the claims in this matter.

Plaintiffs subpoenaed Archbishop Vigneron for a deposition to take place on September 13, 2021. Five days prior, counsel for the AOD emailed Plaintiffs' counsel that the AOD objected to his deposition, noting that Archbishop Vigneron

-1-

"does not recall" having any involvement in Defendant Krol's hiring and "was generally not present" at OLS Board meetings – arguing that his deposition was therefore "unnecessary, burdensome, and disproportionate to the needs of the case." *See* **Ex. C**.

Plaintiffs now bring this Motion to Compel the deposition of Archbishop Vigneron because his testimony is directly relevant to the claims in this matter. The AOD has not demonstrated good cause as to why his deposition would be unnecessary, burdensome, or disproportionate to the needs of the case.

## FACTUAL BACKGROUND

Plaintiffs Doe 1 and Doe 2 were subjected to egregious sexual harassment and sexual assault by Defendant Krol throughout the course of their employment with Defendant OLS. *See generally* Second Am. Compl. (ECF No. 60, PageID.860-90). Krol has a long history of sexual misconduct, and Plaintiffs' claims of negligent hiring, supervision and retention are centered on the premise that multiple members of the OLS governance structure (including Archbishop Vigneron) were aware of this history. *Id.* at ¶¶ 22, 25, 63-74.

Archbishop Vigneron is directly involved in the governance of OLS through his twin roles as head of the SS Cyril & Methodius Seminary at OLS ("the Seminary") and member of the OLS Board of Regents. *See* **Ex. A**; **Ex. D**, Gross Dep. at 22; **Ex. E**, Stewart Dep. at 46; **Ex. F**, Majcher Dep. at 31-32. Plaintiffs seek to

depose Vigneron regarding information he acquired about Defendant Krol before Krol's hiring as Chancellor in 2017 – information pertaining to both the death of a young man living at the Sweetest Heart of Mary Church Rectory where Fr. Krol kept a room, and to sexual impropriety at the OLS Seminary during Krol's time as Vice Rector there. Such misconduct is directly relevant to Plaintiffs' claims.

Plaintiffs also seek to depose Vigneron regarding additional concerns raised with Vigneron and the AOD after Krol's hiring as Chancellor and regarding a report Vigneron received from another priest who experienced retaliation by OLS after reporting concerns of potential sexual abuse of minors.

### ARGUMENT

**I.  Archbishop Vigneron was involved in and had knowledge relevant to Defendant Krol's hiring process.**

Archbishop Vigneron's role in Defendant Krol's hiring process is undeniable. Vigneron received several letters during Krol's candidacy advocating for his hire, and he was included in many of the communications with OLS leadership during and about Krol's hiring process. **Ex. B**, Hiring Process Documents. Furthermore, while Krol's candidacy was under consideration by OLS, Bishop Reiss, who is Archbishop Vigneron's delegate to the OLS Board, informed the hiring committee about a scandal in which Krol was involved and which the AOD had previously investigated. **Ex. F**, Majcher Dep. at 96-100; **Ex. D**, Gross Dep. at 42-46; **Ex. E**, Stewart Dep. at 52-55.

Specifically, Bishop Reiss informed the OLS search committee of a scandal at the Sweetest Heart of Mary Rectory involving the drug overdose death of a young man who had been staying at the Rectory and was found dead in a bathtub there. *See* **Ex. F**, Majcher Dep. at 96-100. Krol was a friend of the pastor at the Sweetest Heart of Mary Church and kept a room at the Rectory, where he spent one night a week during the relevant time period. **Ex. G**, Joanna Olejniczak-Caushaj Dep. at 89-90. The death was investigated at the time by the AOD. *Id*; **Ex. D**, Gross Dep. at 42-46; **Ex. E**, Stewart Dep. at 52-55. And knowledge of Krol's ties to this scandal understandably caused concern among some of the OLS decision-makers, who then inquired about it during Krol's hiring process for OLS Chancellor. *Id*.

Plaintiffs, therefore, seek to depose Archbishop Vigneron regarding the AOD's knowledge of the incident itself, about the AOD's investigation of the issue, and about Defendant Krol's involvement therein. Plaintiffs further seek to question Vigneron about how the scandal impacted Krol's hiring process, including what he and Bishop Reiss shared with the OLS Board about it prior to Defendant Krol's hire.

In addition to these issues, the evidence suggests that Archbishop Vigneron possesses considerable further knowledge of Krol's history of sexual misconduct dating back years before his selection as Chancellor. Father Tomasz Gorny was a seminarian at OLS from 2006-10, during Defendant Krol's tenure as Vice Rector of the Seminary. Fr. Gorny witnessed Krol's sexual misconduct with seminarians and experienced retaliation himself for rebuffing Krol's advances. **Ex. H**, Gorny

-4-

Declaration. During his time at OLS, Fr. Gorny reported concerns about sexual misconduct to the Seminary's spiritual director who, Gorny testified, in turn reported the concerns to Archbishop Vigneron. *Id*. at ¶ 5; *See also,* **Ex. G**, Joanna Olejniczak-Caushaj Dep. at 43 ("… one of the faculty priests, that was still during the time when Father Krol was the Vice Rector, he reported a lot of incidents between what was happening in the seminary. And I know that from the priest himself. He had a meeting with Archbishop Vigneron, and he did report to him…describing different incidents what was happening in the seminary…").

In combination, this evidence indicating Archbishop Vigneron's personal knowledge of Defendant Krol's history of misconduct as well as his involvement in the hiring process for the position of Chancellor (both personally and through his delegate Bishop Reiss) render Vigneron an important witness for Plaintiffs. The AOD should be compelled to produce him for deposition.

II. **Vigneron also became aware of additional concerns about Krol during Krol's time as Chancellor.**

In addition to their claim for negligent hiring, Plaintiffs also have a claim for negligent retention and supervision. Plaintiffs have reason to believe that at least one complaint about Fr. Krol was also made to Archbishop Vigneron during Defendant Krol's tenure as Chancellor – a complaint that again raised concerns about sexual impropriety and potential abuse at OLS under Krol's leadership. *See generally* Second Am. Compl. ¶¶ 63, 64 (ECF No. 60, PageID.876). Former OLS Board

member, Kathleen Nuttall, will testify at her upcoming deposition that she reached out directly to Vigneron's office to alert him to concerns about sexual misconduct at OLS. Ms. Nuttall had a close relationship with many OLS seminarians and priests, through which she learned of information that caused her to be concerned about sexual misconduct and potential abuse of seminarians. *See* **Ex. G**, Joanna Olejniczak-Caushaj Dep at 119, 181-82 ("[Nuttall] asked me if I can confirm – there was a person or persons, they approached her, and they were raising concerns about Father Krol's morals and his involvement with seminarians, and she just asked me if I can confirm that, if this is really true … she wanted for me to confirm if I – if I know about it, and if I think it's true about Father Krol having inappropriate relationship[s] with seminarians and priests").

Ms. Nuttall also sent a pointed letter to the OLS Board and to Vigneron personally in 2019 when she resigned from the OLS Board. In that letter, she raised concerns about information she had become aware of during Krol's leadership at OLS, including, "threats, anger, and accusations; lies and surveillance; destruction of documents; defamation of people's characters; resignation of priests; abusive treatment … and the realization that the current crisis in the Church reaches to all institutions, including this very one." **Ex. I**, Nuttall resignation letter.

In addition to reports directly from OLS Board members, Vigneron also personally was mailed in March of 2020 a written report claiming that Fr. Krol had sexually harassed yet another male employee when he was a priest at OLS. **Ex. J**,

John Doe 3's Complaint. The AOD subsequently hired an investigator to investigate that complaint – an additional topic on which Vigneron's testimony is relevant. Plaintiffs are entitled to inquire into any and all complaints that Vigneron (an OLS Board member) or the AOD generally may have received regarding Defendant Krol's misconduct and how complaints were handled, as well as about Vigneron's knowledge of a pattern of retaliation by OLS against individuals who have reported sexual misconduct. *See generally* Plaintiffs' Reply in Support of Motion to Compel. (ECF No. 60, PageID.730-37).

**III.   The Archdiocese of Detroit cannot show good cause as to why Vigneron should not be deposed.**

Despite multiple ways in which Archbishop Vigneron's testimony is relevant to Plaintiffs' claims, five days prior to his deposition, counsel for the AOD told Plaintiffs' counsel the following:

> At this time, we object to the deposition of Archbishop Vigneron. During the relevant timeframe, Archbishop Vigneron delegated his responsibilities related to OLS to Bishop Reiss, and does not recall having any involvement in the hiring by OLS of Fr. Krol as Chancellor. Moreover, the testimony of the OLS Board of Regents confirms that Archbishop Vigneron was generally not present at Board of Regents meetings. Further testimony confirms that Archbishop Vigneron was present on campus only on limited occasions for a special celebration or mass…
>
> We have offered, without objection, depositions of three AOD representatives, including Bishop Reiss (the Archbishop's delegate) and Fr. Ptak (a member of the Board of Regents and Board of Trustees of SS Cyril & Methodius Seminary). In light of these depositions, and the fact that plaintiffs have deposed or will depose many members of the Board of Regents, Archbishop Vigneron's deposition is unnecessary, burdensome,

    and disproportionate to the needs of the case. If for some reason the testimony of Bishop Reiss or Fr. Ptak (or some other witness) indicates Archbishop Vigneron's may be able to provide testimony relevant to plaintiffs' claims, we will of course be open to further discussion

**Ex. C**, 9/8/21 email from T. Rheaume.

    Nothing in the AOD's position responds to the specific and most important issue on which Plaintiffs seek to depose Archbishop Vigneron: namely, his personal knowledge of concerns about Fr. Krol's sexual impropriety, both prior to and after Krol's hiring as Chancellor. Vigneron's testimony is relevant as "the scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Loyd v. Saint Joseph Mary Oakland,* 766 F.3d 580, 593 (6th Cir. 2014). And under Rule 26, parties may obtain "discovery of any relevant, non-privileged information." *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016).

    Likewise Rule 30, Plaintiffs "may, by oral questions, depose *any person*, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30 (emphasis added). None of the exceptions found in Rule 30(a)(2) are present here and in the absence of any exception, the AOD must permit this witness to testify. Further, the AOD has provided no reasons as to why the deposition of Vigneron is unnecessary, burdensome, or disproportionate to the needs of this case, other than the fact that three other AOD representatives will also be deposed. This is simply not an adequate showing of good cause. *See e.g.*, *Downing v. Dollar Gen. Corp.,* No. 3:10-1211, 2012 WL 5381784, at *3 (M.D. Tenn. October 30, 2012)

(permitting depositions of <u>five</u> nonparty witnesses over legal counsel's "bare-bones conclusory statement" that permitting the depositions "would impose an undue burden upon the witnesses and upon [the third party]").

Importantly, none of the other three AOD witnesses have personal knowledge of Archbishop Vigneron's role in Fr. Krol's hiring process, nor of the complaints about sexual misconduct at OLS that were brought to Archbishop Vigneron's attention prior to and after Krol's hiring. Moreover, none of them can speak to Vigneron's knowledge of other instances of retaliation by OLS against whistleblowers. Their testimony is no substitute for the testimony of Archbishop Vigneron, the head of the OLS Seminary and an OLS Board member – whose personal knowledge of key issues in this case is highly relevant to Plaintiffs' claims.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs request that the Court grant their motion to compel the Archdiocese of Detroit to comply with the subpoena for the deposition of Archbishop Vigneron and permit the deposition of this key witness to occur.

Date: October 8, 2021

Respectfully submitted,
SALVATORE PRESCOTT
PORTER & PORTER, PLLC

/s/ Jennifer B. Salvatore
Jennifer B. Salvatore (P66640)
Nakisha Chaney (P65066)
105 E. Main Street
Northville, MI 48167
(248) 679-8711
salvatore@sppplaw.com

chaney@sppplaw.com

Ward Powers (P33739)
Jonnie Powers (P78823)
LAW OFFICES OF WARD M. POWERS
302 W. Main Street
Northville, MI 48167
(T): (248) 347-1700
wpowers@powerslawoffices.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

/s/ Tara Lank
Tara Lank, Legal Secretary
