UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE 1, *et al*.,　　　　　　　Civil Action No.: 20-13287
　　　　　　　　　　　　　　　　　　Honorable Denise Page Hood
　　　　　　　　Plaintiffs,　　　　　Magistrate Judge Elizabeth A. Stafford

v.

ORCHARD LAKE SCHOOLS,
*et al*.,

　　　　　　　　Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL [ECF NO. 64]**

**A.**

Plaintiffs sue Father Miroslaw Krol and Orchard Lake Schools (OLS) because of Krol's alleged sexual abuse and retaliation against the plaintiffs in his role as priest and Chief Executive Officer of OLS, a catholic religious organization. ECF No. 41. Plaintiffs moved to compel the deposition of third-party witness Archbishop Allen Vigneron, and the Honorable Denise Page Hood referred the motion to the undersigned for hearing and determination under 28 U.S.C. § 636(b)(1)(A). ECF No. 64; ECF No. 68. The Court ordered the parties to meet and confer, file a joint statement of

unresolved issues, and appear for a hearing on December 1, 2021. ECF No. 70; ECF No. 71; ECF No. 79. The Court now grants the motion.

**B.**

The Archbishop argued that his testimony would not be relevant to a claim or defense, as required under Federal Rule of Civil Procedure 26(b)(1). ECF No. 79, PageID.1260. He asserted that he had only limited involvement in OLS and that he delegated his seat on the OLS Board of Regents to another bishop. *Id.*, PageID.1261. Plaintiffs assert that the Archbishop's testimony is relevant to their claim of negligent retention and supervision. *See* ECF No. 41, PageID.593. The Court agrees with plaintiffs.

First, the Court is unpersuaded by the Archbishop's claims that he lacked any authority over Krol's hiring or retention. Stephen Gross, the president of the Orchard Lake Schools Board of Regents, testified that the Archbishop "is the head of the seminary" and, "[u]nder canon law, he's ostensibly head of the entire organization." ECF No. 64-5, PageID.1015. And the Archbishop's claim that he had no role in Krol's retention is undermined by an April 2018 email a monsignor sent to the Archbishop.[1]

---

[1] The email was produced to plaintiffs after the joint statement was filed. During the hearing, the Court instructed plaintiffs' counsel to file the email after the parties meet and confer about whether to move file it under seal.

Plaintiffs' counsel alleged during the hearing that the monsignor investigates sexual abuse claims on behalf of the Archdiocese of Detroit (AOD), and the Archbishop's attorney did not deny that claim.  In the email, the monsignor (1) informed the Archbishop of a report that Krol engaged in sexual misconduct against seminarians; (2) said that witnesses were willing to discuss the allegations; (3) referred to other unspecified information that the Archbishop and the monsignor knew about Krol; and (4) asked the Archbishop how he wanted the monsignor to proceed.

    The monsignor directed his email only to the Archbishop; he copied no other leadership of OLS.  The email thus suggests that the Archbishop had a preeminent role in directing the monsignor's investigation, or lack thereof, about the allegations against Krol.

    Plaintiff John Doe 2 was hired in April 2018 and Krol allegedly terminated him in January 2020.  ECF No. 41, PageID.571.  Plaintiffs claim that John Doe 2's termination was in retaliation for his report to the OLS Board of Regents that Krol had sexually harassed and abused him.  *Id.*  The April 2018 email from the monsignor to Archbishop supports plaintiffs' claim that the Archbishop's testimony would be relevant to their claim of negligent retention.

## C.

In the joint statement, the Archbishop called his deposition an "apex deposition," and described his responsibilities as the leader of the Archdiocese of Detroit. ECF No. 79, PageID.1262, 1276-1277, 1282. He said that he "is the highest-ranking leader of the AOD. He is the religious equivalent of GM's Mary Barra or Ford's Jim Farley." *Id.*, PageID.1277. The Court thus believed that the Archbishop was relying on the apex doctrine.

"[T]he apex doctrine appears to assume that harassment and abuse are inherent in depositions of high-level corporate officers and therefore allow such depositions to be barred absent a showing that the individual possesses relevant evidence which is not readily obtainable from other sources." *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (citation and internal quotation marks omitted). In *Serrano*, the court found that a magistrate judge erred in relying on the apex doctrine to grant a motion for protective order without requiring the deponent to meet his Rule 26(c)(1) burden. *Id.* at 901-02. Under Rule 26(c)(1), a party moving to be protected from being deposed has a "substantial burden" of showing the harm he "would suffer by submitting to the deposition." *Id.* at 902.

Despite emphasizing his high-ranking position and referring to an "apex deposition" in the joint statement, counsel for the Archbishop said during the hearing that he was not relying on the apex doctrine to object to the deposition. He instead relies on Rule 26(b)(2)(C), which permit a court to limit the frequency or extent of discovery under some circumstances.[2] The Archbishop said in the joint statement and during the hearing that the Court should apply Rule 26(b)(2)(C) to require plaintiffs to depose other witnesses before deciding whether his deposition is necessary. *See* ECF No. 79, PageID.1280-1281 & n. 11.

In other words, the Archbishop contends that, because of his high-ranking position, plaintiffs should have to make a showing that he "possesses relevant evidence which is not readily obtainable from other sources" before deposing him. *Serrano*, 699 F.3d at 901. Under the guise of Rule 26(b)(2)(C), he wants the same preferential treatment given high-ranking officials under apex doctrine, but without having to sustain his Rule 26(c) burden. This Court cannot endorse the Archbishop's attempted

---

[2] Rule 26(b)(2)(C) says in relevant part, "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; [or] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."

sleight of hand; since he wants preferential treatment because of his high-ranking position, the Court must hold him to his substantial burden under Rule 26(c). *Serrano*, 699 F.3d at 901-902.

The Archbishop does not try to meet his Rule 26(c) burden. He neither relies on Rule 26(c) nor tries to show harm beyond his generic claim that "[a] deposition and necessary preparation work will interfere with [his] leadership of the AOD." ECF No. 79, PageID.1282. And since the Archbishop has not shown that he would suffer harm from being deposed, the Court has not basis for requiring plaintiffs to depose other witnesses first. "The Federal Rules of Civil Procedure do not permit one party to make unilateral decisions regarding the timing and sequence of depositions during the discovery phase of civil litigation." *Sexual Sin De Un Adbul Blue v. River Rouge, City of*, No. 16-CV-10526, 2017 WL 2438789, at *2 (E.D. Mich. June 6, 2017); *see also Garner v. Select Portfolio Servicing, Inc.*, No. CV 15-10377, 2018 WL 11350633, at *2 (E.D. Mich. Oct. 29, 2018) (same).

## D.

At the end of the hearing, after the Court informed the parties that it would grant plaintiffs' motion to compel, counsel for the Archbishop asked the Court to limit the time or scope of the deposition. A deponent wishing to limit a deposition must sustain the Rule 26(c) protective order burden.

Fed. R. Civ. P. 30(d)(3). The Archbishop's request for a protective order is too late.

Although Rule 26(c)(1) has no explicit deadline, most courts require motions for protective orders to be filed before discovery responses are due. *SMA Portfolio Owner, LLC v. Corporex Realty & Inv.*, LLC, No. CV 11-168-DLB-JGW, 2014 WL 12650589, at *2 (E.D. Ky. Apr. 18, 2014); *William Beaumont Hosp. v. Medtronic, Inc.*, No. 09-CV-11941, 2010 WL 2534207, at *4 (E.D. Mich. June 18, 2010). At the very latest, a motion for protective order must be made by the deadline for responding to a motion to compel.

> There are strong reasons favoring simultaneously bringing a motion for protective order and a motion to compel, or bringing a motion for a protective order before any other discovery motions. Litigants, or non-parties, must realize that a motion to compel will likely resolve discovery issues with finality. If a court were to shape discovery, then face a later motion for protective order on the same subject matter, it would force the court to revisit issues already ruled upon. This legally and procedurally awkward position is what Respondent's tardy motion for protective order has now created.

*Convertino v. U.S. Dep't of Justice*, 260 F.R.D. 678, 681 (E.D. Mich. 2008).

Plaintiffs moved to compel the Archbishop's deposition nearly two months ago. ECF No. 64. Since then, he made no motion for a protective order nor described in the joint statement any suggested limits to his deposition if the Court granted plaintiffs' motion to compel it. Plaintiffs thus

7

had no chance to brief their response to any suggested limits to the Archbishop's deposition.  The Court will not entertain the unbriefed request to limit the Archbishop's deposition.

### E.

The Court **GRANTS** plaintiffs' motion to compel the Archbishop's deposition and **ORDERS** that it be must be completed by **January 31, 2022**.  No costs or fees are awarded.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: December 2, 2021

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2. The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of 14

days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 2, 2021.

                              s/Marlena Williams
                              MARLENA WILLIAMS
                              Case Manager