UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOE 1, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ORCHARD LAKE SCHOOLS, *et al.*,<br><br>Defendants. | Case No. 20-cv-13287<br>Honorable Denise Page Hood<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART NON-PARTY ARCHDIOCESE OF DETROIT'S MOTION TO SEAL (ECF NO. 96)**

Plaintiffs sue Father Miroslaw Krol and Orchard Lake Schools (OLS) because of Krol's alleged sexual abuse and retaliation against plaintiffs in his role as priest and Chief Executive Officer of OLS, a Catholic religious organization. ECF No. 41, PageID.569. The Archdiocese of Detroit (AOD), a non-party, moves to seal an email from Monsignor G. Michael Bugarin to Archbishop Allen Vigneron. ECF No. 96. The Honorable Denise Page Hood referred the motion for a hearing and determination under 28 U.S.C. § 636(b)(1)(A). After a hearing on April 26, 2022, the Court **GRANTS IN PART AND DENIES IN PART** the motion.

I.  BACKGROUND

Plaintiffs allege that while they worked at OLS under Krol's supervision, Krol sexually harassed them and retaliated against them when they rejected his advances.  ECF No. 60, PageID.861-862.  One plaintiff alleges that Krol's behavior caused him to resign, while the other alleges that his employment was terminated after he reported Krol's conduct to the OLS Board of Regents.  *Id.* at PageID.862-863.  Plaintiffs bring claims of assault; retaliation under Michigan's Elliott-Larsen Civil Rights Act; negligent hiring, retention, and supervision; civil sex trafficking; and intentional infliction of emotional distress.  *Id.* at PageID.880-886.

The AOD wishes to seal portions of an email sent by Bugarin to the Archbishop.  The Archbishop is the head of the seminary and the highest-ranking leader of the AOD, while Bugarin is a delegate of the Archbishop who investigates sexual abuse claims on behalf of the AOD.[1]  In April 2018, Bugarin emailed the Archbishop to report that OLS board member Kathleen Nuttall raised concerns about Krol's sexuality and his alleged berating of other seminarians.  *Id.* at PageID.1664; ECF No. 96-1, PageID.1763.

---

[1] At a December 2021 hearing, plaintiffs alleged that Bugarin investigates sexual abuse claims, and the AOD did not deny that claim.  ECF No. 83, PageID.1664-1665.  Counsel for AOD agreed at the April 2022 hearing that one of Bugarin's roles is to investigate sexual abuse claims.

2

Bugarin asked the Archbishop how to proceed "given the other concerns we've had about Fr. Krol."

## II.     ANALYSIS

The AOD seeks to seal Bugarin's email to the Archbishop under the cleric-congregant privilege.  ECF No. 96, PageID.1754-1755.  To succeed on its motion, the AOD must overcome a heavy burden because of the strong presumption that records filed with the court be done so openly. *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).  "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'"  *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).  Thus, "[o]nly the most compelling reasons can justify non-disclosure of judicial records."  *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983).  This heavy burden must be met even if no party objects, and it requires a "document-by-document, line by line" analysis justifying an order to seal. *Id.* at 305, 308.  And an order to seal must be narrowly tailored to serve the compelling reason for the seal.  *See, e.g.*, *Press-Enter. Co. v. Superior Court of Cal., Riverside Cnty.*, 464 U.S. 501, 509-11 (1984).  Generally, "only trade secrets, information covered by a recognized privilege (such as

the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of [public] access." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594-95, (6th Cir. 2016) (internal quotation marks omitted).

Plaintiffs make claims under Michigan law, so the Court must consult Michigan's rules about the cleric-congregant privilege. Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."). Under Michigan law, communication between "members of the clergy and the members of their respective churches" are privileged "when those communications were necessary to enable" the members of the clergy to serve as such. Mich. Comp. Laws § 767.5a(2); *see also* Mich. Comp. Laws § 600.2156. Michigan strictly construes privileges; the privileges "'are narrowly defined and their exceptions broadly construed.'" *People v. Bragg*, 296 Mich. App. 433, 445 (2012) (quoting *People v. Warren*, 462 Mich. 415, 427 (2000)).

The cleric-congregant privilege applies "when the communication: (1) 'serves a religious function, such as providing guidance, counseling, forgiveness, or discipline,' (2) is conveyed to the cleric in his or her capacity as a spiritual leader within the denomination, and (3) [is] considered

privileged under the discipline or practices of the denomination." *People v. Richard*, No. 315267, 2014 WL 2881081, at *3 (Mich. Ct. App. June 24, 2014) (quoting *Bragg*, 296 Mich. App. at 453).  "[A]ll three elements are required to establish invocation of the privilege" under § 767.5a.  *People v. Foy*, No. 346984, 2020 WL 3121164, at *3 (Mich. Ct. App. June 11, 2020). And for the privilege to apply, the congregant must have spoken to the cleric as part of "the cleric's 'job' as a cleric" and not in the cleric's "role as a relative, friend, or employer." *Bragg*, 296 Mich. App. at 458-59.

      The AOD's arguments suggest that the Court should construe the public's interest in an open record narrowly and construe the cleric-congregant privilege broadly.  See ECF No. 96; ECF No. 103.  The opposite is true.  *Shane Group*, 825 F.3d at 305 (describing the strong presumption that records filed with the court be done so openly); *Bragg*, 296 Mich. App. at 445 (emphasizing that privileges are narrowly construed).  The AOD says that the email content is privileged because "it exclusively concerns seeking counsel from a church leader and an internal discussion between two church leaders, in their role as priests, as to the appropriate next step for counseling the parishioner." ECF No. 103, PageID.1888.  It contends that the email served a religious function because it was about selecting a minister who might lead the seminary and

5

alleged conduct that violated the church's teachings.  ECF No. 96, PageID.1756-1757.  And the AOD argues that the email contains Nuttall's private communication to Bugarin about her spiritual concerns.  *Id.*

The Court finds that Bugarin's message to the Archbishop is not privileged.  Burgarin was not seeking spiritual advice from the Archbishop, and the Archbishop was not serving a religious function.  Rather, Bugarin was acting as an investigator for the AOD seeking direction from the AOD about an employment matter.  One of Bugarin's suggestions was to offer Nuttall theological guidance, and he discussed the importance of investigating Krol both for OLS and the "kingdom of heaven."  But Bugarin did not ask for the Archbishop for spiritual direction; he asked whether he should pursue an investigation into the allegations made by Nuttall "given the other concerns we've had about Fr. Krol."  Bugarin's message involved employment matters, and the privilege does not apply.

But the part of Bugarin's email directly copying Nuttall's spiritual reflections is privileged.  In her message, Nuttall sought guidance and forgiveness from Bugarin as a spiritual leader.  That Bugarin shared Nuttall's email with the Archbishop is irrelevant since the privilege is personal to Nuttall.  *See Bragg*, 296 Mich. App. at 467.  For the same reason, plaintiffs are incorrect in arguing that the AOD waived the statutory

privilege for Nuttall's communication when it disclosed the email without asserting the privilege. See ECF No. 102, PageID.1851. Thus, the Court grants in part the AOD's motion to seal the portion of Bugarin's email copying Nuttall's email.

The AOD also claimed that the First Amendment protects it from any inquiry into its employment decisions. ECF No. 96, PageID.1755 (citing *Weishuhn v. Catholic Diocese of Lansing*, 279 Mich. App. 150 (2008)). This underdeveloped argument is waived. See *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (citation and quotation marks omitted)).

Even if the AOD had not waived its First Amendment argument, the Court would find that it lacked merit. The case the AOD cites, *Weishuhn*, did not address the communication covered by the cleric-congregant privilege. Rather, *Weishuhn* considered whether the "ministerial exception" bars employment discrimination claims. *Weishuhn*, 279 Mich. App. at 157. And proving the fallacy of the AOD's argument, opinions addressing the cleric-congregant privilege say that communications with a cleric who is

acting as an employer are not privileged. *See Bragg*, 296 Mich. App. at 459. The Court thus rejects the AOD's suggestion that the First Amendment protects it from disclosing its internal communications about claims of sexual abuse within its ministry.

## III. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** the AOD's motion to seal. ECF No. 96.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 28, 2022

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 28, 2022.

                                                  <u>s/Marlena Williams</u>
                                                  MARLENA WILLIAMS
                                                  Case Manager